## No. 25563

### The People of the State of Colorado v. Paul C. Roads
(503 P.2d 1024)

Decided December 4, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, L. James Arthur, Assistant, for The People of the State of Colorado.

No appearance for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is a proceeding in discipline against Paul C. Roads, who was admitted to the practice of law in the State of Colorado on February 18, 1952. The matter is now before us

following the filing of a complaint, a hearing before, and a report, findings, conclusions and recommendations of the Supreme Court Grievance Committee. The Committee's findings, in fact, deal with four separate counts. However, all of the counts relate to the manner in which the respondent handled the estate of Mabel J. Spalding. Mabel J. Spalding died on December 25, 1968, leaving a Last Will and Testament dated April 16, 1966, which had been prepared for her by respondent, which will left everything to her husband, Edgar A. Spalding, but made no provision if the husband pre-deceased her. Mr. Spalding did pre-decease Mrs. Spalding, and as a consequence Mrs. Spalding's estate passed by intestacy. In the will, the respondent was appointed executor to serve without bond.

Respondent filed a Petition for Letters of Special Administration, and was appointed special administrator on December 30, 1968. He also filed a Petition for Probate of the Will. Some three months later, the clerk of the court wrote a letter to the respondent inquiring why he had not requested a date for a hearing on the probate of the will. The letter was not answered by the respondent. Finally, after further letters, the respondent did file an inventory in the estate showing $21,000. On September 17, 1969, the will was admitted to probate. Thereafter, claims were filed which the respondent approved and then advised the court that he was taking steps to close the estate. Despite repeated requests from the court, respondent did nothing further to proceed to an orderly closing of the estate. Finally, he was removed by the court and a successor special administrator was appointed in his place. The successor special administrator learned that an $18,000 life insurance policy had been paid to the respondent as administrator of the estate, but that the respondent had not deposited the check to the estate account but deposited the same to his own personal account. Respondent had also failed to include this $18,000 in the inventory which he had filed. Although he had already received the money, he did not include it in the inheritance tax application, nor in the final report filed with the court.

The Committee found that the respondent intentionally and willfully converted this money to his own use. The successor special administrator also found that there were two stock certificates for a total of 550 shares, which the respondent had taken out of a safety deposit box owned by the decedent and had failed to include in the inventory of the estate and in the inheritance tax application. The stock was worth approximately $13,000. The Committee specifically found that the respondent intentionally concealed the existence of this stock with the intention of converting the same to his own use. Upon order of the court, the respondent finally returned the money received from the insurance policy and the stock certificates.

There were other derelictions in fiduciary duties, as a result of which the respondent was surcharged by the probate court in the amount of $4610, which he did repay.

■ Our Grievance Committee found that respondent's conduct in the matter of this estate goes far beyond mere negligence or carelessness, but was, in fact, defalcation and a purposeful intention to convert assets of the estate to his own use. We approve the finding.

The conduct of the respondent is so grievous and so contrary to the standards of honesty, justice and morality required of duly licensed attorneys that it requires disbarment.

It is the order of this court that the respondent, Paul C. Roads, be disbarred and his name be stricken from the roll of attorneys licensed to practice law in Colorado. He is further ordered to surrender his license forthwith.

Costs incurred in the action in the sum of $185.60 shall be paid by the respondent to this court within 90 days.