No. 26548
No. 26824

**The People of the State of Colorado v. Charles E. Whiting**

(539 P.2d 128)

Decided August 18, 1975.

J. D. MacFarlane, Attorney General, Edwin L. Felter, Jr., Deputy, for The People of the State of Colorado.

No appearance for attorney-respondent.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Original proceedings in discipline were filed in this court by the attorney general wherein the defendant, Charles E. Whiting, was charged by formal complaint with acts of professional misconduct, alleged to be contrary to the highest standards of honesty, justice and morality. The respondent, it was alleged, had agreed to represent clients in some eight lawsuits pending in the courts of Garfield and Eagle Counties, Colorado. Notwithstanding his obligations to his clients, the respondent, on or about

April 18, 1974, closed his office in Glenwood Springs and left the state of Colorado without advising his clients or the courts of his intention to do so, essentially abandoning all matters.

A formal hearing was held before the Grievance Committee of the Supreme Court on March 19, 1975. The respondent did not appear in person or by counsel. Based primarily upon the testimony of Charles F. Stewart, Chief Judge, Ninth Judicial District, the Grievance Committee made findings of fact which support the allegations of the complaint. We agree.

More specifically, the Grievance Committee found that the respondent was admitted to the practice of law by this court on or about October 6, 1970. He was practicing law in Glenwood Springs, Garfield County, Colorado, when on or about April 18, 1974, he closed his office and left that community without advising his clients, any of the judges in that district, court personnel or opposing counsel in pending cases. He left no forwarding address when he closed his office, and

"up to the date of this hearing before the Grievance Committee his whereabouts are unknown, even though Chief District Judge, Charles F. Stewart of Glenwood Springs, tried to determine his whereabouts, and every effort has been made by the office of the Attorney General to find Respondent in the City of Glenwood Springs, Colorado, in the County of Garfield, State of Colorado, and leads have been followed that Respondent was in the State of California and also in New York State."

Further, respondent did not leave a new address in the office of the clerk of this court, as required by Rule 227(4) within thirty days of his change of address. Correspondence, service of process, and finally a certified letter addressed to Charles E. Whiting, 812 Grant Avenue, P.O. Box 1041, Glenwood Springs, Colorado 81601, postmarked February 26, 1975, which contained a notice of the hearing of the Grievance Committee, was returned by the United States Post Office marked "not deliverable as addressed — unable to forward," together with another notation on the envelope marked "box closed — no order Glenwood Springs, Colo. 81601." Respondent did not appear at the hearing and was found to be in default.

The committee further found:

"On April 24, 1974, a Mr. Spalding, one of the Defendants in a criminal case, *'People of the State of Colorado vs. Donald and Martha Spalding'* appeared in his chambers and told the Judge that he had a hearing coming up on May 8, 1974, had tried to find his attorney, Charles E. Whiting, and been informed that he had left town. At Respondent's office, which he shared with a real estate firm and a C.P.A., he was informed that no one there knew the whereabouts of the Respondent. Judge Stewart then told Mr. Spalding he would have to employ other counsel and then Judge Stewart and Judge Litwiller went to the office of Charles E. Whiting and obtained the file from that office receiving a receipt dated May 1, 1974.

"There were other examples of where Respondent failed to appear, and it necessitated the client in obtaining the services of another attorney.

This happened in *'People vs. Hauschel'*, *'People vs. Meier'*, and *'Hagan vs. Sutherland'*. In each instance, Respondent had not notified his client of leaving, and there was a complete abandonment of the clients by the Respondent."

The committee concluded that the foregoing action of the respondent constituted unprofessional conduct and gross negligence in that respondent has conducted himself contrary to the highest standards of the legal profession by abandoning his clients, by violating his obligations to his clients in not proceeding with the case assignments that he had been employed to pursue.

The committee recommended to the court that the respondent be disbarred and that the costs of these proceedings be assessed against him. The committee further recommended that the Chief Judge, Charles F. Stewart, take possession of the files of the respondent and arrange for any reassignment of the cases still pending.

We adopt the findings of the committee and concur in its recommendations. The findings of the Grievance Committee that the conduct of the respondent is contrary to the highest standards of honesty, justice and morality is based upon a flagrant violation of his oath as an attorney. This is a case of mass abandonment of the interests of his entire clientele which indicates a complete lack of responsibility on the part of the respondent.

We are in complete accord with the recommendation of the committee and accordingly, it is ordered that the respondent be disbarred. Costs in the amount of $46.76 are taxed to the respondent and he is ordered to pay that amount to the Clerk of the Supreme Court within 90 days.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON do not participate.