No. 27045
No. 27557

## The People of the State of Colorado v. Donald Scudder

(590 P.2d 493)

Decided January 29, 1979.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edwin L. Felter, Jr., Assistant, for complainant.

No appearance entered by the attorney-respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The respondent, Donald Scudder, was admitted as a member of the bar of this court on September 7, 1948. The respondent has failed to comply with the registration requirements of Rule 227, C.R.C.P., and his present address is unknown. He has ignored, for all practical purposes,

requests of the Grievance Committee of this court for an explanation or justification of his malfeasance in the handling of estate matters entrusted to him by Francis Edward Backemeyer and his heirs. Evidence in the record of the Grievance Committee proceedings establishes that the respondent also disregarded his obligations as a lawyer in handling his clients' funds and that he misappropriated $1300 entrusted to him by Backemeyer.

At the conclusion of the disciplinary hearings, it was the unanimous opinion of all members of the Supreme Court Grievance Committee that the respondent should be disbarred. We adopt the findings of the Grievance Committee and disbar the respondent. American Bar Association *Standards Relating to Lawyer Disciplinary and Disability Proceedings* § 6.1.

■ The respondent served as a lawyer for Francis Edward Backemeyer from 1951 until the time of Backemeyer's death. Upon Backemeyer's death, respondent professed great friendship for the deceased Backemeyer and advised the daughters of the deceased that he was going to handle the estate without charge. Prior to the death of Backemeyer, the respondent suggested that a new checking account be opened on behalf of the family and obtained from them $1300, which he deposited to his own account and converted to his own use. His conduct in the handling of his clients' funds transgressed against DR9-102, which provides:

"*Preserving Identity of Funds and Property of a Client.*

"(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

"(1) Funds reasonably sufficient to pay bank charges may be deposited therein.

"(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

"(B) A lawyer shall:

"(1) Promptly notify a client of the receipt of his funds, securities, or other properties.

"(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.

"(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render

appropriate accounts to his client regarding them.

"(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

"Misuse of [a client's] funds strikes at the heart of public confidence in the legal profession and requires the most severe punishment." *People v. Harthun,* 197 Colo. 1, 593 P.2d 324; *see also People v. Roads,* 180 Colo. 192, 503 P.2d 1024 (1972).

Respondent agreed and undertook to probate the estate of Francis Edward Backemeyer. Yet, he never opened an estate or filed probate proceedings and apparently lost the last will and testament of Backemeyer. As a result of his failure to preserve and properly present the will and other documents relating to the estate, extended work had to be done by other lawyers to reconstruct the events surrounding the business dealings and transactions which involved Backemeyer's estate, so that the estate could be closed. The lawyers employed by the Backemeyer heirs had to spend endless hours in an effort to bring order out of the chaos created by the irresponsible and unprofessional work of the respondent. Counsel for the heirs testified that the reconstruction of the estate matter was inordinately complex due to the necessity of synthesizing or reconstructing transactions without the benefit of the decedent's records.

No good purpose would be served by enumerating the repeated efforts that were made by the Backemeyer heirs and by the Grievance Committee to obtain the cooperation of the respondent in obtaining an explanation for the misconduct that has brought about the respondent's disbarment. It is sufficient to note that, shortly after the death of their father and the respondent's employment to probate the estate, neither his daughters nor the Grievance Committee have been able to locate or receive the slightest cooperation from respondent. Respondent abandoned his practice and failed to provide a forwarding address or give notice to his clients. His willingness to leave the affairs entrusted to him in a state of total disarray is in direct violation of DR2-110(A), which provides:

"*Withdrawal from Employment.*

"(A) In general.

"(1) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission.

"(2) In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.

"(3) A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned."

The respondent's conduct was contrary to the highest standards of honesty, justice, and morality and violated DR1-102(A)(3), DR1-102(A)(4), DR1-102(A)(6), DR2-110(A)(2), DR6-101(A)(2), DR6-101(A)(3), DR7-101(A)(1), DR7-101(A)(2), DR7-101(A)(3), and DR9-102.

For the reasons set forth in this opinion, the respondent, Donald Scudder, is disbarred. Restitution shall be made to Donna Farago, Margaret L. Nelson, and Francis A. Guthrie, the daughters of the decedent, Francis Edward Backemeyer, by the respondent.

Costs in the amount of $215 are assessed against the respondent. Restitution in the amount of $1300 shall be made, and all costs shall be paid by the respondent, on or before February 1, 1980, with interest at the legal rate. Payment shall be made to the Clerk of this court.

Enforcement of these orders may be obtained by use of the contempt powers of this court. Rule 107, C.R.C.P.