The PEOPLE of the State of Colorado, Complainant,

v.

Leon SANDERS, III,
Attorney-Respondent.

Nos. 85SA64, 85SA294.

Supreme Court of Colorado,
En Banc.

Nov. 4, 1985.

Linda Donnelly, Disciplinary Pros., Denver, for complainant.

No Appearance for attorney-respondent.

QUINN, Chief Justice.

Two separate grievance proceedings were commenced against the respondent, Leon Sanders, III. The recommended discipline in case 85SA294 was a suspension from the practice of law for one year and a day and in case 85SA64 an order of disbarment. We consolidate these cases for purposes of this opinion and enter an order of disbarment.

In case 85SA294 a complaint was filed on February 6, 1985, alleging that the respondent had abandoned his practice of law and that numerous clients had been attempting to obtain their files but were unable to locate the respondent. The respondent was duly served, made receipt for the complaint mailed to him by certified mail, but failed to respond. A default was accordingly entered on March 23, 1985. A hearing board of the Grievance Committee found by clear and convincing evidence that the respondent had abandoned his practice and concluded that his conduct violated the following provisions of the Code of Professional Responsibility: DR1–102(A)(1) (violation of a disciplinary rule); DR1–102(A)(6) (engaging in conduct adversely reflecting on one's fitness to practice law); and DR6–101(A)(3) (neglect of a legal matter). The hearing

board also concluded that the respondent violated C.R.C.P. 241.6(7) by failing to respond to the grievance process. It was the hearing board's recommendation that the respondent be suspended from the practice of law for one year and a day, that the disciplinary prosecutor take appropriate action to return client files presently in the respondent's office to the respective clients, and that the respondent be assessed costs in the amount of $99.52. A hearing panel of the Grievance Committee approved the findings and recommendations of the hearing board.

In case 85SA64 a Report of Investigation was filed with the Grievance Committee, alleging that the respondent engaged in a course of professional misconduct arising out of his handling of a personal injury claim filed on behalf of the daughter of Mr. and Mrs. Alderete. A hearing board, after determining that the respondent was initially served with a copy of the Report of Investigation and that he failed to respond, entered a default against the respondent and found by clear and convincing evidence the following facts. In September 1980 Mr. and Mrs. Alderete retained the respondent to pursue a claim on behalf of their daughter for toxic shock syndrome allegedly caused by the use of a tampon. The respondent filed a complaint in the Denver District Court on October 27, 1980. The last contact the Alderetes had with the respondent was in February 1983 when they met with him to discuss the possibility of settling the case. Subsequent to that meeting the Alderetes made repeated efforts to further discuss the case with the respondent but were unable to talk to him or to arrange a meeting. On April 25, 1984, Mrs. Alderete received a letter from Blue Cross and Blue Shield of Colorado informing her that a settlement had been reached in the case and requesting reimbursement of benefits previously paid by Blue Cross and Blue Shield. This letter prompted Mrs. Alderete to investigate the status of her case, whereupon she discovered the case had been dismissed for failure to prosecute on March 15, 1983. Mrs. Alderete also discovered that on April 15,

1983, the respondent filed a motion to vacate the order of dismissal. In the motion the respondent falsely represented to the court that there was a possibility of settling the case but that he was unable to schedule a meeting with the Alderetes until March 15, 1983. In truth, however, the respondent did not contact the Alderetes concerning the purported meeting on March 15, 1983, failed to communicate any settlement offer to them, and never told them about the dismissal of the case. Moreover, the Alderetes have been unable to obtain their file and records from the respondent and have thus been deprived of evidence and documents that might serve as a basis to reopen the lawsuit previously dismissed.

The hearing board concluded that the respondent's professional misconduct in handling the Alderetes' claim violated the following provisions of the Code of Professional Responsibility: DR1–102(A)(1) (violation of a disciplinary rule); DR1–102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation); DR1–102(A)(5) (conduct prejudicial to the administration of justice); DR1–102(A)(6) (conduct adversely reflecting on one's fitness to practice law); DR6–101(A)(2) (handling a legal matter without adequate preparation); DR6–101(A)(3) (neglect of a legal matter); DR7–101(A)(2) (failure to carry out a contract of employment with a client for professional services); DR7–101(A)(3) (conduct prejudicial or damaging to a client during the course of the professional relationship); and DR9–102(B)(4) (failure to deliver to the client properties in the possession of the lawyer which the client is entitled to receive). The hearing board also concluded that the respondent's conduct violated C.R.C.P. 241.6 (violation of the Code of Professional Responsibility) and C.R.C.P. 241.6(7) (failure to respond to the grievance process). It was the recommendation of the hearing board that the respondent be disbarred and that he be assessed costs in the amount of $358.47. A hearing panel of the Grievance Committee approved the find-ings and recommendations of the hearing board.

We accept the reports of the Grievance Committee in both cases and hereby order that the respondent be disbarred. The respondent, in addition to abandoning all his clients, permitted the Alderetes' claim to be dismissed with prejudice for failure to prosecute and left the Alderetes without any records with which to seek a possible reinstatement of their claim. *See People v. Scudder*, 197 Colo. 99, 590 P.2d 493 (1979); *People v. Whiting*, 189 Colo. 253, 539 P.2d 128 (1975). Such misconduct occurred over a considerable period of time and included not only a gross disregard of the respondent's fundamental responsibilities as a lawyer but also dishonesty and deliberate misrepresentation to the court. The respondent's total disregard of the disciplinary process serves only to further demonstrate his unfitness to practice law. In view of the egregious nature of the respondent's misconduct, we believe that any sanction less than disbarment would unduly depreciate the seriousness of his wrongdoing in the eyes of both the legal profession and the public.

The respondent is accordingly disbarred and his name is to be stricken from the roll of attorneys licensed to practice law in this state. It is the order of this court that the respondent pay the costs of these proceedings in the amount of $457.99 by tendering such sum to the Supreme Court Grievance Committee, 600—17th Street, 500 S Dominion Plaza, Denver, Colorado, 80202, within sixty days from this date.