The PEOPLE of the State of
Colorado, Complainant,

v.

Vincent K. TURNER,
Attorney–Respondent.

No. 87SA366.

Supreme Court of Colorado,
En Banc.

. Nov. 30, 1987.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

No appearance for attorney-respondent.

MULLARKEY, Justice.

In this attorney disciplinary case, a hearing panel of the Supreme Court Grievance Committee has recommended that the respondent, Vincent K. Turner, be suspended for one year and one day, and that the costs of the proceedings be assessed against him. Turner did not appear in the proceedings below and has not appeared in this court. We accept the recommendations of the hearing panel.

## I.

Turner has been licensed to practice law in the State of Colorado since 1968. The case before this court stems from two separate incidents.

In the first matter, a bench warrant was issued in October 1985 for Turner's arrest after he twice failed to appear in the municipal court of Empire, Colorado in response to a summons and complaint on a speeding charge. Approximately nine months after the bench warrant was issued, Turner contacted Kenneth S. Fellman, the Town Attorney of Empire, and informed him that he had just learned of the outstanding arrest warrant. Turner represented that he had applied for a liquor license in Denver and that his application had been held up because of the outstanding warrant. Turner and Fellman entered into a plea bargain whereby Fellman agreed to vacate the bench warrant based on Turner's assurance that he would sign a document which Fellman would send to him and pay his fine to the Town of Empire. Fellman vacated the bench warrant and forwarded a Motion for Amendment, Waiver of Rights, and Entry of Plea to Turner. Turner failed to sign and return the document and failed to pay his fine. The County Clerk and Fellman personally made repeated unsuccessful efforts to contact the respondent. Because of Turner's failure to respond, the court reissued its warrant for his arrest approximately one year after the original warrant had been issued.

When Fellman contacted the Colorado Department of Revenue to advise it that the bench warrant for Turner's arrest had been reissued, Fellman was informed that Turner did not hold a liquor license and that he was not listed as an applicant for such license. The Grievance Committee concluded that Turner had lied to Fellman concerning whether he had applied for a liquor license. It also found that Turner had not dealt with the pending traffic matter and that a bench warrant for his arrest was still outstanding.

The committee concluded that Turner's conduct violated C.R.C.P. 241.6 and the Code of Professional Responsibility DR 1-102(A)(1) [ABA Model Rule of Professional Conduct 8.4(a)] (violation of a disciplinary rule), DR 1-102(A)(4) [ABA Model Rule 8.4(c)] (conduct involving dishonesty, fraud, deceit or misrepresentation), DR 1-102(A)(5) [ABA Model Rule 8.4(d)] (conduct prejudicial to the administration of justice), and DR 1-102(A)(6) (conduct adversely reflecting on fitness to practice law). The committee also found that Turner failed to respond to the committee's attempt to investigate this matter despite the fact that repeated attempts were made to contact him. Because of his failure to respond, the committee concluded that Turner violated C.R.C.P. 241.6(7) (failure to respond to a request of the committee), DR 1-102(A)(1) [ABA Model Rule 8.4(a)] (violation of a disciplinary rule) and DR 1-102(A)(5) [ABA Model Rule 8.4(d)] (conduct prejudicial to the administration of justice).

In the second matter, Edward Skaff retained Turner in August 1986 to defend him on a speeding violation. Skaff gave Turner his only copy of the speeding ticket and his check for $150. According to Skaff, Turner then "simply disappeared." Skaff was unable to contact him and filed a request for investigation with the Grievance Committee approximately three months after he retained Turner. The following month, Skaff appeared in the Jefferson County court for his trial. The committee found that, to Skaff's surprise, Turner also appeared and personally paid Skaff's $60 fine for speeding. Turner then told Skaff to write to the Grievance Committee to dismiss his complaint. The committee found that this courthouse meeting was the only contact between the parties after the initial meeting when Skaff retained Turner.

The committee concluded that Turner's conduct in this matter violated C.R.C.P. 241.6 and DR 1-102(A)(1) [ABA Model Rule 8.4(a)] (violation of a disciplinary rule), DR 1-102(A)(5) [ABA Model Rule 8.4(d)] (conduct prejudicial to the administration of justice), DR 1-102(A)(6) (conduct adversely reflecting on fitness to practice law), DR 6-101(A)(3) [ABA Model Rule 1.3] (neglect of a legal matter), DR 9-102(B)(4) [ABA Model Rule 1.15] (promptly pay funds as requested by client).

In connection with this second matter, Turner also failed to respond to the Grievance Committee's request for investigation although it was clear from Turner's remarks to Skaff that he was aware that Skaff had filed a request for investigation. Despite repeated requests from the committee, Turner did not respond.

The Grievance Committee concluded that this conduct by Turner violated C.R.C.P. 241.6(7) (failure to respond to a request by the committee), DR 1-102(A)(1) [ABA Model Rule 8.4(a)] (violation of a disciplinary rule) and DR 1-102(A)(5) [ABA Model Rule 8.4(d)] (conduct prejudicial to the administration of justice).

The committee observed that Turner had received a prior discipline by letter of admonition dated June 21, 1985. The committee concluded that Turner knowingly interfered with a legal proceeding; that he engaged in conduct intended to deceive a client from which there was potential injury to the client; that he has been guilty of prior misconduct, the substance of which indicated a pattern of misconduct; and that he failed to comply with the rules and orders of the Grievance Committee.

## II.

Turner has not appeared before this court and the findings and recommendations of the Grievance Committee are uncontested. Turner clearly has engaged in serious misconduct exhibiting dishonesty and blatant disregard for the legal process. We adopt the Grievance Committee's findings of repeated violations of the disciplinary rules and Code of Professional Responsibility as set forth above.

In determining what disciplinary sanction to impose, we find that several aggravating factors are present. Turner has had a prior disciplinary offense indicating a pattern of misconduct. Multiple offenses are involved here and a dishonest or selfish motive is clearly reflected in the first matter involving Turner's own speeding ticket.

Further, Turner engaged in the bad faith obstruction of the disciplinary process by intentionally failing to comply with the requests of the Grievance Committee and by directing Skaff to drop his complaint with the Grievance Committee after he personally paid Skaff's speeding fine. We note that Turner has substantial experience in the practice of law, having been admitted to practice for over nineteen years and that Turner has made no effort to acknowledge the wrongful nature of his conduct. Thus, we find that a majority of the aggravating factors described in the ABA Standards for Imposing Lawyer Sanctions is present in this case. *See* ABA Standard 9.22. At the same time, we find an absence of mitigating factors. *See* ABA Standard 9.32. Accordingly, we accept the disciplinary sanction recommended by the committee.

For these reasons, it is ordered that Vincent K. Turner is suspended from the practice of law for the period of one year and one day from the date of this order. The respondent is ordered to pay the costs of these proceedings in the amount of $354.06 within thirty days of the date of this order to the Supreme Court Grievance Committee, 600 17th Street #500 S, Denver, Colorado 80202.