The PEOPLE of the State of
Colorado, Complainant,

v.

Vincent K. TURNER,
Attorney–Respondent.

No. 88SA24.

Supreme Court of Colorado,
En Banc.

April 18, 1988.

Linda S. Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Respondent not appearing.

LOHR, Justice.

This is a disciplinary proceeding in which the Colorado Supreme Court Grievance Committee recommended disbarment of the respondent, Vincent K. Turner. The recommendation was based on the respondent's professional misconduct in the course of his representation of clients in two separate matters, as well as his failure to respond to the grievance committee's requests for investigation in the two matters. The grievance committee concluded that the respondent's conduct violated Rule 241.6, including subsection 241.6(7), of the Colorado Rules of Civil Procedure, DR1–102(A)(1), (4), (5), DR6–101(A)(3), DR7–101(A)(1), (2), and DR7–102(A)(3) of the Code of Professional Responsibility. We agree with the conclusions and recommendation, and order that the respondent be disbarred and that he be required to pay the costs of this proceeding.

I.

Vincent K. Turner was admitted to the bar of this court on April 23, 1968. At all pertinent times, he was licensed to practice law in Colorado. Therefore, he is subject to the jurisdiction of this court in all matters relating to the practice of law. C.R.C.P. 241.1(b).

The complaint filed in this proceeding sets forth four counts of professional misconduct, two of which relate to the respondent's representation of clients and the remaining two of which concern the respondent's failure to cooperate with the grievance committee in its investigations of the respondent's conduct. Although the respondent was duly served with a citation and complaint, he failed to answer, and a default was entered against him. As a result, the complaint was deemed admitted pursuant to C.R.C.P. 241.13(b). The hearing board then entered findings based upon the allegations of the complaint that were so admitted. We summarize the relevant facts contained in those findings.

*Counts I and II*

Dee McCullough signed a contingent fee agreement with the respondent in September of 1985. The respondent agreed to represent McCullough in her negotiations with Farmers Insurance Company concerning a personal injury matter. McCullough lost contact with the respondent on or about November of 1985, and her numerous subsequent attempts to communicate with the respondent by telephone and through the mail were unsuccessful. In November of 1986, Farmers Insurance informed McCullough that it had never been contacted by her counsel regarding the

matter and that the insurance company had been unaware that she was represented by counsel. McCullough then instituted this grievance proceeding by filing a request for investigation. The hearing board concluded that the respondent's conduct violated C.R.C.P. 241.6 (misconduct by a lawyer constituting grounds for discipline), as well as DR1–102(A)(1) (violation of a disciplinary rule), DR6–101(A)(3) (neglect of a legal matter entrusted to a lawyer), DR7–101(A)(1) (failure to seek client's lawful objectives), and DR7–101(A)(2) (failure to carry out contract of employment).

The hearing board also found that Turner had failed to respond to the grievance committee's attempts to investigate the matter despite the grievance committee's efforts to communicate with him by mail on two occasions. The hearing board concluded that Turner's failure to respond to the letters violated C.R.C.P. 241.6(7) (failure to respond to request by grievance committee without good cause).

### Counts III and IV

The respondent was hired by D. Gary Garrison in February of 1986 to represent Garrison and Columbine Valley Development, Inc. as co-defendants in a civil action in Arapahoe County District Court. Garrison paid the respondent a $1,500 retainer. The respondent filed an answer and counterclaim on behalf of Columbine Valley Development, Inc. on March 3, 1986. On the same day, the respondent filed a motion to dismiss on behalf of Garrison, a memorandum in support of the motion, and a request for award of costs and attorney's fees. In order to avoid the appearance of a conflict of interest, the respondent signed the name "Ronald P. Markie" to the motion to dismiss. The respondent shared office space with Markie, but signed Markie's name to the motion without his knowledge or consent.

Garrison heard nothing from the respondent regarding the lawsuit. In late November or December of 1986, Garrison was served with a "subpoena to produce." Upon receiving the subpoena, Garrison learned that the respondent had not set the motion to dismiss for hearing, had not filed

an answer to the plaintiff's complaint on behalf of Garrison, and that a default judgment had been entered against Garrison on August 15, 1986, for $19,172.16. Garrison then attempted to reach the respondent but was unsuccessful.

After being unable to contact the respondent, Garrison hired substitute counsel, Thomas J. Tomazin. Tomazin discovered the fraudulently-signed motion to dismiss and learned that Garrison never had an attorney-client relationship with Markie. Tomazin also learned that because the respondent had failed to comply with requests for discovery, sanctions had been imposed against Columbine Valley Development, Inc. Tomazin filed a motion to vacate the judgment against Garrison on January 20, 1987. Following an evidentiary hearing, the court ordered the default judgment vacated and at the same time ordered that the subpoena to produce be quashed.

Tomazin wrote to the respondent on February 2, 1987, demanding an accounting of the funds paid by Garrison and the return of any unused portion of the funds. On March 3, 1987, and March 19, 1987, Tomazin wrote to the respondent, requesting reimbursement of $1,728 for attorney fees Garrison had incurred in setting aside the default judgment. Neither Tomazin nor Garrison received a reply from the respondent, nor did the respondent reimburse Garrison for either the retainer or the fees incurred in setting aside the default judgment.

The hearing board concluded that the respondent's conduct violated C.R.C.P. 241.6 (misconduct by a lawyer constituting grounds for discipline), as well as DR1–102(A)(1) (violation of a disciplinary rule), DR1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), DR1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), DR6–101(A)(3) (neglect of a legal matter entrusted to a lawyer), DR7–101(A)(1) (failure to seek client's lawful objectives), DR7–101(A)(2) (failure to carry out contract of employment), and DR7–101(A)(3) (causing damage to client).

The hearing board also found that Turner had failed to respond to the grievance committee's attempts to investigate the matter despite the grievance committee's efforts to communicate with him by mail on three occasions. The hearing board concluded that Turner's failure to respond to the letters violated C.R.C.P. 241.6(7) (failure to respond to request by grievance committee without good cause).

## II.

The hearing board recommended that the respondent be disbarred. In making its recommendation, the board detailed a number of aggravating factors and noted the absence of any mitigating factors. Among the aggravating factors cited were the extended neglect and abandonment of his client in the McCullough matter, the dishonest and fraudulent practices and financial damage to his client in the Garrison matter, the deceit practiced on the court in the Garrison matter, the "clear pattern of misconduct and neglect" demonstrated by the respondent, the fact that the misconduct had continued over an extended period, the apparent indifference of the respondent to making restitution, the abandonment of the practice of law by the respondent, and the respondent's failure to cooperate or appear in the disciplinary proceedings. The board also noted that Turner had received a letter of admonition in 1985. The hearing board recommended that before the respondent may be reinstated to the bar, he refund to Garrison the $1,500 retainer and pay Garrison an additional $1,728 to reimburse him for attorney fees incurred to set aside the default judgment.

A hearing panel of the grievance committee approved the report and recommendation of the hearing board, and the matter was then docketed in this court. The respondent filed no exceptions to the report of the grievance committee, and the matter is now before us for review and disposition.

The present case follows closely a disciplinary proceeding in which we suspended Turner from the practice of law for one year and one day based upon two instances of professional misconduct that occurred in 1985 and 1986, the same period of time involved in the case now before us. *People v. Turner*, 746 P.2d 49 (Colo.1987). One of those incidents involved deceit practiced on another attorney. The other involved neglect.

The respondent's misconduct in this case was varied and persistent. In both matters at issue here, the respondent abandoned his clients without notice, leaving them to suffer the consequences of having their substantial legal matters go unattended. *See People v. Whiting*, 189 Colo. 253, 255, 539 P.2d 128, 129 (1975) (lawyer's abandonment of his entire clientele indicates a complete lack of responsibility). This misconduct in itself suggests that severe discipline is warranted. Section 4.41(b) of the ABA Standards for Imposing Lawyer Sanctions (1986) (ABA Standards) states that "[d]isbarment generally is appropriate when ... a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client...."

The respondent's professional misconduct, however, was not limited to neglect and abandonment of his clients. In the Garrison matter, he failed to refund an unearned retainer fee of $1,500 and fraudulently affixed another attorney's signature to a motion to dismiss. The latter conduct amounted to a deliberate misrepresentation to the court. The respondent's purpose was to conceal a possible conflict of interest resulting from his representation of both co-defendants. Section 6.11 of the ABA Standards provides:

> Disbarment is generally appropriate when a lawyer, with the intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding.

The commentary to section 6.11 emphasizes that lawyers who engage in this type of conduct "violate the most fundamental duty of an officer of the court."

Taken together, the respondent's actions manifest a pattern of neglect and a serious

instance of deceit, contrary to his responsibility to act in accordance with the highest standards of justice, ethics and morality. The neglect and deceit involved in this case echo the misconduct that resulted in his prior suspension from the practice of law. *See People v. Turner,* 746 P.2d 49 (Colo. 1987). Moreover, the respondent's "total disregard of the disciplinary process serves only to further demonstrate his unfitness to practice law." *People v. Sanders,* 713 P.2d 837, 839 (Colo.1985). We believe that consistent with the duty of this court to protect the public and the legal profession, and consistent with the ABA Standards governing the respondent's conduct, the only appropriate sanction for the respondent's professional misconduct is disbarment.

Accordingly, the respondent, Vincent K. Turner, is hereby disbarred and his name is ordered stricken from the roll of attorneys licensed to practice before this court. The respondent is ordered to pay the costs of this proceeding in the amount of $494.55 to the Supreme Court Grievance Committee, 600 17th Street, Suite 500 South, Denver, Colorado, 80202, within sixty days from the date of the announcement of this opinion. It is further ordered that the respondent shall not be readmitted to the bar of this state until he shall have made restitution to D. Gary Garrison in the amount of $1,500 plus interest at the statutory rate from February 28, 1986, the date of payment of the retainer, and $1,728 plus interest at the statutory rate from the date of payment of the attorney fees to attorney Tomazin for obtaining a vacation of the default judgment. The respondent's readmission is further conditioned on full compliance with C.R.C.P. 241.22(a) and proof of payment of costs.[1]

---

1. As previously noted, on November 30, 1987, this court ordered that Turner be suspended from the practice of law for one year and one day from the date of the order as a result of Turner's professional misconduct in other unrelated matters. *People v. Turner,* 746 P.2d 49 (Colo.1987). The respondent's suspension merges into the greater disciplinary sanction of disbarment imposed here. *See generally* C.R. C.P. 241.7(1), (2).