## No. 27282

## The People of the State of Colorado v. Carl L. Harthun

(593 P.2d 324)

Decided January 15, 1979.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edwin L. Felter, Jr., Assistant, for complainant.

Levine, Pitler & Westerfeld, P.C., Robert L. Pitler, for attorney-respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This is but another chapter in the disciplinary history of Carl L. Harthun. Previously, the respondent, Carl L. Harthun, was before this court on an original proceeding in contempt for his failure to relinquish files of his former clients, after he was suspended from practicing law by this court, and his former clients had secured other counsel and required the files to pursue their legal remedies. *People ex rel. J. D. MacFarlane v. Harthun,* 195 Colo. 38, 581 P.2d 716 (1978).

Since that time, the grievance committee of this court has filed supplemental findings of fact, conclusions, and recommendations for the further discipline of the respondent, Carl L. Harthun. A number of complaints alleging professional misconduct have been filed against the re-

spondent and, after consideration by the grievance committee, were the basis of the recommendations. Although the respondent has filed exceptions to the recommendations of the grievance committee, he has acknowledged his misconduct and offered to voluntarily surrender his license or consent to disbarment. We have concluded that the respondent should be disbarred.

Respondent's theft of funds entrusted to him as an officer of the court in the Fahring dissolution of marriage action constitutes reprehensible professional misconduct. The Fahring matter demonstrates how the respondent utterly disregarded his professional obligations to his client and to the court to effectuate a larcenous scheme to obtain his client's funds. The respondent violated his fiduciary relationship to his client and drew upon funds entrusted to him to meet his own personal obligations.

The respondent undertook to represent Paul D. Fahring in a dissolution of marriage action. Fahring and his wife owned a home in Lafayette, Colorado. Fahring was employed by the International Business Machines Corporation in Boulder, Colorado. While the dissolution of marriage action was pending, Fahring was relocated by IBM to California. IBM made a home guarantee loan to Fahring in the amount of $32,530, which was to be repaid upon the sale of the house. The respondent and counsel for Fahring's wife agreed that the home guarantee loan funds would be deposited in an interest-bearing account for later distribution to the parties. The respondent, to whom the funds were entrusted, did not put the funds in an interest-bearing account, but deposited them in his general trustee account and then caused the funds to be dispersed to meet his own personal needs and desires.

On January 21, 1976, the trial judge ordered that the $32,530, plus interest, be distributed to Fahring and his wife. $15,008.38 was to be paid to the wife, and $17,939.09 was to be paid to Fahring. The order was agreed to by the parties and their counsel, and the wife's attorney was directed to prepare a written order for the court's signature. Thereafter, on February 13, 1976, the wife's attorney sent the order to the respondent for his approval. He did not reply, and on April 13, 1976, he was reminded that the order had been sent to him. Again, he did not respond.

On May 13, 1976, the court signed the order that the wife's attorney had prepared, and an order was entered calling for the distribution of the funds which were held by the respondent. On June 15, 1976, the respondent was directed to show cause why he should not be held in contempt for failing to honor the court's order for distribution.

On June 17, 1976, the wife's attorney requested that the contempt citation be stricken and dismissed, because the respondent had made payment by the delivery of a check for $33,607.92 into the registry of the

court. Thereafter, that check was returned to the court marked "insufficient funds."

Uncontradicted evidence presented to the grievance committee established that there was $300 in the respondent's general trustee account when the IBM check was deposited. No further deposits were made into that account, but a number of withdrawals were made. The last check resulted in an overdraft. On May 28, 1976, shortly before the respondent issued his check to comply with the court's order, his general trustee account showed an overdraft of $2.24.

The check deposited into the registry of the court, which caused the wife's attorney to make the motion for dismissal of the contempt citation, reflects a further effort of the respondent to deceive the court and to mislead counsel for Fahring's wife. The respondent's conduct in the handling of the funds entrusted to him by Paul D. Fahring reflects a total disregard of the respondent's obligations as an officer of this court and a blatant disregard of his fiduciary relationship to his client. Obviously, respondent's conduct in the Fahring case is contrary to the highest standards of honesty, justice, and morality required of a lawyer, as delineated in Rule 241(B), C.R.C.P., DR1-102(A)(3), DR1-102(A)(4), DR1-102(A)(6), DR7-101(A)(3), DR9-102(A), DR9-102(B)(2), DR9-102(B)(3), and DR9-102(B)(4). The respondent's actions in the Fahring case warrant the most severe discipline. *See People v. Radinsky,* 182 Colo. 259, 512 P.2d 627 (1973); *People v. Radinsky,* 176 Colo. 357, 490 P.2d 951 (1971).

■ DR9-102(A) and DR9-102(B)(3) require as a minimum standard of conduct that a lawyer segregate his clients' funds from his own and keep them in identifiable bank trust accounts. He must also keep and maintain complete records of all such funds and be prepared to account to his client for the funds at all times. Most importantly, he cannot employ those funds to meet his own personal expenses. Misuse of such funds strikes at the heart of public confidence in the legal profession and requires the most severe punishment. *See In the Matter of Deschane,* 84 Wash.2d 514, 527 P.2d 683 (1974); *In Re Lyons,* 124 Cal. Rptr. 171, 540 P.2d 11 (1975); *The Florida Bar v. Kafer,* 359 So.2d 862 (Fla. 1978).

■ As a result of his conduct in handling the funds entrusted to him in the Fahring matter, respondent was convicted, upon a plea of guilty, of one count of theft, and that fact, in itself, requires disbarment. American Bar Association, *Standards for Lawyer Disciplinary and Disability Proceedings* §§ 9.2 and 9.4, and comments thereto (Approved Draft, 1978) (hereinafter *Standards*); *People v. Wilson,* 176 Colo. 389, 490 P.2d 954 (1971); *State ex rel. Oklahoma Bar Ass'n v. Hall,* 567 P.2d 975 (Okla. 1977); *In Re Wright,* 110 Cal.Rptr. 348, 515 P.2d 292 (1973).

The grievance committee of this court recommended that the respon-

dent, Carl L. Harthun, be disbarred and that he not be permitted to apply for reinstatment for a period of eight years. The recommendation was also made that $32,530, which the respondent obtained from his client and appropriated to his own use some time after January 21, 1976, be repaid by the respondent, with interest at the legal rate, prior to January 1, 1980. We adopt and approve the recommendation of the grievance committee of this court and disbar the respondent and direct that he repay the sum of $32,530, with interest at the legal rate from and after January 21, 1976, on or before January 1, 1980. Should the funds not be repaid by that time, the interest shall continue to accrue at the legal rate until the sum is paid. It is also the order of this court that full restitution to the Fahrings shall be a prerequisite to any application for reinstatement. *In Re Petition of Dawson,* 131 So.2d 472 (Fla. 1961); *Standards, supra,* § 6.12.

Costs are assessed against the respondent in the amount of $3,422.60, payable on or before January 1, 1980.

Disbarment is the most severe sanction which this court can impose. *Standards, supra,* § 6.1; *People v. Susman,* 196 Colo. 458, 587 P.2d 782 (1978). It is also the order of this court that the respondent should not be readmitted unless he can show by clear and convincing evidence: (1) that rehabilitation has occurred; (2) that he is fit to practice law; (3) that he is competent; and (4) that he has complied with all applicable disciplinary or disability orders and rules. *See Standards, supra,* § 6.2.

We also order that the respondent shall make all payments directed in this opinion through the clerk of this court.

MR. JUSTICE GROVES does not participate.