### Nos. 79SA570 & 80SA139

### The People of the State of Colorado v. H. Edward Kluver
(611 P.2d 971)

Decided May 19, 1980.

Cathlin Donnell, Special Prosecutor for complainant in No. 79SA579.

Linda Donnelly, for complainant in No. 80SA139.

Douglass F. Primavera, for attorney-respondent.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

In two separate disciplinary proceedings, the Grievance Committee and this Court have been called upon to review the unprofessional and unlawyerlike conduct of the respondent, H. Edward Kluver. As a result of those proceedings, we now order that the respondent be disbarred and that his name be stricken from the roll of attorneys admitted to the practice of law in Colorado.[1]

The respondent was admitted to the bar in 1972. In addition to his law degree, the respondent holds a degree in accounting and worked in the trust department of a major bank for five years. While with the trust department, the respondent prepared inheritance and estate tax returns and was familiar with the requirements imposed upon fiduciaries.

Shortly after being admitted, the respondent undertook to represent his mother-in-law, Kathryn J. Engelson, in the administration of her late husband's estate. Pursuant to that relationship, Engelson entrusted the respondent with $72,000, with instructions that the funds be held by the respondent in trust and invested for her benefit. Thereafter, the respondent made a series of investments with the funds entrusted to him which, in large part, provide the basis for his disbarment.

One of the investments made by the respondent as trustee was a loan to Judith R. Osborn, which was to be repaid in monthly installments. Upon receipt of the first two monthly installments, the respondent deposited the payments in his personal checking account, rather than in a trust account, in violation of DR 9-102(A). These funds have never been accounted for by the respondent. *See* DR 9-102(B)(4).

The respondent also improperly made loans from the trust fund to one of his other clients, Alfred L. Flansberg, to facilitate his purchase of some business property in Wyoming. Despite the clear conflict of interest created by the respondent's representation of potentially adverse clients, the respondent failed to disassociate himself with either party and also failed to inform Engelson of the potential conflict. *See* DR 9-102. Alfred Flansberg was eventually declared to be bankrupt and all debts due to Engelson were discharged.

In addition to the disciplinary violations committed by the respondent in representing Engelson, the respondent also breached his professional obligations through his representation of the estate of Kathryn L. Cherrill. As attorney for the Cherrill estate, the respondent deposited nearly $8,000 of estate funds into an account denominated "H. Edward Kluver, Trustee." Thereafter, in a series of transactions the respondent converted

---

[1] In the first disciplinary proceeding against the respondent, the Grievance Committee recommended that the respondent be given a private censure for the willful issuance of bad checks to John McDaniel and that he be ordered to make restitution. In view of our disbarment of the respondent, the private censure is unnecessary. Restitution, however, is still required.

the funds to his own use.[2] In addition, the respondent failed to file federal estate and state inheritance tax returns for the Cherrill estate. As a result, substantial penalties were assessed against the estate.

■ The respondent's conduct demonstrates that he is untrustworthy and has violated C.R.C.P. 241. His conduct is contrary to the high standards of honesty, justice, and morality which all lawyers must adhere to as members of the bar of this Court. He has violated numerous disciplinary rules of the Code of Professional Responsibility, including DR 1-102, DR 5-105, DR 6-101, and DR 9-102. Specifically, DR 1-102 prohibits dishonesty, fraud, deceit, and misrepresentation by a lawyer. *See People v. Pittam*, 194 Colo. 104, 572 P.2d 135 (1977). DR 5-105 requires a lawyer to either discontinue multiple representation where the exercise of his independent professional judgment may be impaired or, alternatively, to make a full disclosure to all clients affected by the multiple representation and to obtain their consent to continued representation. In addition, DR 6-101 states that a lawyer shall not neglect a legal matter entrusted to him. Finally, DR 9-102 requires that a lawyer preserve the identity of the funds and property of his client through the careful identification of entrusted funds, the keeping of account records regarding the funds, and the prompt payment of all funds upon the receipt of a proper request.

■ Misuse of funds by a lawyer strikes at the heart of the legal profession by destroying public confidence in lawyers. *People v. Harthun*, 197 Colo. 1, 593 P.2d 324 (1979). The most severe punishment is required when a lawyer disregards his professional obligations and converts his clients' funds to his own use. *See In the Matter of Deschane*, 84 Wash.2d 514, 527 P.2d 683 (1974); *The Florida Bar v. Kafer*, 359 So.2d 862 (Fla. 1978).

Accordingly, the respondent is disbarred and his name is ordered stricken from the roll of attorneys authorized to practice before this Court. Respondent is ordered to pay costs incurred in this proceeding in the amount of $842.26 within one year. Pursuant to the Grievance Committee's recommendation relating to the respondent's bad checks, the respondent is also ordered to make restitution to John McDaniel in the amount of $300, including interest computed according to section 13-21-101, C.R.S. 1973 (1979 Supp.) within one year.[3] In addition, the respondent may not reapply for reinstatement for a period of eight years and such application, if filed, must show that restitution has been made to both Kathryn Engelson and the Cherrill estate, and that rehabilitation has

---

[2] The respondent eventually made partial restitution to the Cherrill estate for the improper use of trust funds. The act of restitution, however, does not negate the impropriety of the original defalcation.

[3] The amount owed to Kathryn J. Engelson and to the Cherrill estate has not been determined at this time.

occurred. Thereafter, the respondent would be required to demonstrate his competence to practice law by again taking and passing the Colorado bar examination. See *People v. Beck,* 199 Colo. 482, 610 P.2d 1069 (1980).

JUSTICE DUBOFSKY does not participate.