The PEOPLE of the State of
Colorado, Complainant,

v.

Howard L. RICE, Attorney-Respondent.

No. 85SA63.

Supreme Court of Colorado,
En Banc.

Aug. 19, 1985.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

No appearance for respondent.

ROVIRA, Justice.

A complaint was filed with the Grievance Committee of the Supreme Court charging the respondent, Howard L. Rice, with unprofessional conduct in violation of C.R. C.P. 241.6 and the Code of Professional Responsibility. Although he was given notice of the charges as provided in C.R.C.P. 241.25(b), the respondent failed to file an answer; and pursuant to a motion for default filed by the complainant, an order for default was entered on October 3, 1984.

A hearing was held on December 7, 1984, at which time the respondent failed to appear in person or by attorney. Three documentary exhibits were admitted into evidence. Exhibit A, an affidavit of the Acting Clerk of the Supreme Court, stated that respondent had been suspended on June 28, 1984, for failure to register. Exhibit B was a notice to the respondent advising him of the date of the hearing, his rights pursuant to C.R.C.P. 241.14, and the names of the members of the Hearing Board. Exhibit C was a Report of Investigation of the respondent's alleged misconduct by the investigative counsel.

The complaint stated that the respondent was licensed to practice law in Colorado on October 6, 1961, and is subject to the jurisdiction of this court and its Grievance Committee. It further alleged that the respondent was hired by several homeowners, including the complaining witness, to file a class action against the principal of a construction company who failed to pay its subcontractor, thereby causing the subcontractor to record mechanic's liens against the homeowners' properties. Also, it alleged that the respondent agreed to represent the homeowners in any mechanic's lien foreclosure suits brought by the subcontractor.

Paragraph 3 of the disciplinary complaint stated that the complaint respondent filed in the Jefferson County District Court on behalf of his clients was clearly inadequate, and the check he tendered to the district court in the amount of $76 for the filing fee was returned for insufficient funds. Further, within a month of the date of filing, the district court complaint was dismissed without prejudice for failure to state a cause of action.

The disciplinary complaint also alleged that respondent failed to appear at the trial

of the foreclosure suit filed against his clients, disconnected his telephone, abandoned his clients, and failed to return the $800 fee he received. Finally, the complaint alleged that respondent's conduct violates C.R.C.P. 241.6(1), (3), (4), and (6) and numerous provisions of the Code of Professional Responsibility.[1]

The Hearing Board, after reviewing the complaint and the exhibits, made its Findings of Fact, Conclusions and Recommendations. It concluded that there was no clear and convincing evidence that respondent was guilty of dishonesty in violation of DR 1–102(A)(4) or lack of competency to establish a violation of DR 6–101(A)(1). It did determine, however, that there was clear and convincing evidence to support a conclusion that the respondent's conduct violates C.R.C.P. 241.6; DR 1–102(A)(5) (conduct prejudicial to the administration of justice); DR 1–102(A)(6) (conduct that adversely reflects on fitness to practice law); DR 6–101(A)(3) (neglect of a legal matter); DR 7–101(A)(2) (failure to carry out a contract of employment); DR 7–101(A)(3) (conduct resulting in prejudice or damage to clients); DR 9–102(B)(4) (failure to return client funds); and C.R.C.P. 227(A)(2)(b) (fail-

ure to file change of address with Clerk of Supreme Court).

After noting that the respondent had received a letter of admonition from the Grievance Committee in 1983, the Hearing Board concluded that respondent's conduct raised serious questions concerning his fitness to practice law and recommended that he be suspended for one year and one day, but that he be given the opportunity to appear within six months and seek reinstatement. A Hearing Panel of the Grievance Committee approved the Findings, Conclusions and Recommendations.

 Our examination of the record leads us to conclude that the Hearing Board's findings and conclusions are correct.[2] However, we disagree with that part of its recommendation which gives the respondent the opportunity to appear within six months and seek reinstatement.

The respondent has demonstrated by his conduct, including his failure to file an answer to the disciplinary complaint and appear at the hearing, that he should be suspended from the practice of law and be considered for reinstatement only upon

---

1. C.R.C.P. 241.6 provides:

 Misconduct by a lawyer, individually or in concert with others, including the following acts or omissions, shall constitute grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship:

 (1) Any act or omission which violates the provisions of the Code of Professional Responsibility;
 . . . .
 (3) Any act or omission which violates the highest standards of honesty, justice, or morality;
 (4) Any act or omission which constitutes gross negligence, if committed by a lawyer in his capacity as a lawyer;
 . . . .
 (6) Any act or omission which violates these Rules or which violates an order of discipline or disability;

 The respondent was charged with violating DR 1–102(A)(1) (violate a disciplinary rule), DR 1–102(A)(4) (dishonesty), DR 1–102(A)(5) (conduct prejudicial to the administration of justice), DR 1–102(A)(6) (fitness to practice law), DR 6–101(A)(1) (competency), DR 6–101(A)(3) (ne-

glect of a legal matter), DR 7–101(A)(2) (failure to carry out contract of employment), DR 7–101(A)(3) (prejudice or damage to client), DR 9–102(B)(4) (return of client funds), and C.R.C.P. 227(A)(2)(b) (attorney shall file supplemental change of address).

2. The respondent did not file exceptions to the Hearing Board's Findings and Conclusions, but the complainant did. It took exception to the finding of the Hearing Board that there was insufficient evidence of intent to support the allegation of dishonesty, and lack of clear and convincing evidence of incompetence.

 The complainant argues that since the respondent failed to file an answer or contest the issues raised in the complaint the allegations of the complaint must be deemed admitted. C.R.C.P. 241.13(b).

 In view of the record in this case, we choose not to address complainant's exceptions. However, we are of the view that if the allegations of the complaint are not accepted by the Hearing Board when an order of default has been entered the complainant should be given the opportunity to introduce evidence in support thereof.

compliance with the provisions of C.R.C.P. 241.22(b).[3]

Accordingly, it is ordered that the respondent be suspended from the practice of law for one year and one day. The respondent is ordered to pay costs of $110.51 to the Supreme Court Grievance Committee within thirty days from the date of the announcement of this opinion.

---

**3.** C.R.C.P. 241.22(b) provides, in part:

A lawyer who has been suspended for a period longer than one year must petition the Supreme Court for reinstatement and must prove by clear and convincing evidence that he has been rehabilitated, that he has complied with all applicable disciplinary orders and with all provisions of this Chapter, and that he is fit to practice law.