**The PEOPLE of the State of Colorado, Complainant,**

v.

**James S. JACOBSON, Attorney–Respondent.**

**No. 87SA124.**

Supreme Court of Colorado, En Banc.

Dec. 21, 1987.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Kim B. Childs, Denver, for attorney-respondent.

ERICKSON, Justice.

In this disciplinary proceeding, James S. Jacobson defaulted by failing to file an answer or a responsive pleading. Following an evidentiary hearing, the hearing panel recommended that the respondent be suspended for thirty months and that before reinstatement he be required to undergo a complete mental health examination by a licensed mental health professional, together with a review by the mental health professional of the respondent's ability and fitness to practice law. The disciplinary prosecutor filed objections and exceptions to the recommendation of the hearing panel and set forth a number of reasons why the proper sanction in this case should be disbarment. We agree with the disciplinary prosecutor and order that

the respondent be disbarred and that his name be stricken from the list of lawyers authorized to practice before this court.

The respondent, James S. Jacobson, was admitted to the bar of this court and is subject to the disciplinary jurisdiction of this court. C.R.C.P. 241.1(b). A formal complaint was filed against Jacobson on May 9, 1985 containing two counts. Count one charged that he obtained a judgment by default in favor of his client, Beverly Stevenson–Hill, collected the proceeds and satisfied the judgment, and then failed to forward any part of the proceeds to his client until after a request for investigation was filed with the Grievance Committee.

The second count of the disciplinary complaint alleged that he did not file a timely response to the request for investigation. The disciplinary prosecutor charged that Jacobson's response dated September 15, 1984, was not filed until April 24, 1985, and falsely stated that his client had changed addresses frequently, and had thereby prevented him from forwarding or making payment of the funds he had collected.

The formal complaint in this case was filed on May 9, 1985. A default was entered on June 25, 1985, when the respondent failed to file an answer. A hearing on the default was scheduled for August 26, 1985. The respondent did not appear at the hearing, but made a request for a continuance by telephone. The hearing board entered an interim order after hearing the respondent's telephonic request and granted the respondent the right to participate in the hearing by telephone. The interim order set forth the hearing board's reasons for the procedure in this case and provides in pertinent part:

> When contacted by telephone, respondent stated that he desired a continuance in order to have the opportunity to consult with counsel. Upon inquiry by the hearing board, respondent acknowledged that he had ignored the Complaint and to date had not contacted an attorney despite the fact that he had had notice of the Complaint since on or about May 14, 1985 and of the August 26 hearing since on or about August 5, 1985. Respondent also stated that he was not personally appearing at the August 26 hearing because he was then appearing in court in Eagle County in a case entitled *Vail Russ v. Lockwood.* Respondent further acknowledged that the hearing in Eagle County had not been set until August 14, 1985 which was at least a week after the hearing in the above-captioned disciplinary matter had been set.

> In this regard the hearing board further notes that respondent has never filed an answer to the Complaint in this matter, that he did not present a written motion for a continuance at [or] prior to the August 26 hearing and that he had not personally appeared in making his request for a continuance. Based upon the foregoing telephonic statements of respondent, the hearing board concluded that good cause did not exist for granting respondent's request for a continuance and accordingly denied respondent's request for a continuance.

> . . . .

> [C.R.C.P.] 241.13 of the rules regarding lawyer discipline provides that in the event of default, after notice to respondent of a hearing regarding the form of discipline to be imposed, the hearing board shall review all pleadings, arguments and the Investigator's report and shall prepare a report setting forth its findings of fact and recommendation as provided in . . . Rule 241.15(a). Furthermore, Rule 241.14(d) provides that hearings on formal complaints shall be conducted in conformity with the Colorado Rules of Civil Procedure, the Colorado Rules of Evidence, and the practice in this state in the trial of civil cases. C.R.C.P. 55 and Rule 121 § 1–14(2) & (4), essentially provide that a court must be satisfied about the "necessary elements" before it enters a judgment by default. If the court is not satisfied, it must "notify" or "advise" the "moving party or attorney accordingly." In *People v. Rice* [708 P.2d 785, 786 n. 2 (Colo.1985)] . . . the Court stated . . . "that if the allegations of the complaint are not accepted by the Hearing Board when an order of default has been entered the complainant

should be given the opportunity to produce evidence in support thereof."

Accordingly, the Hearing Board is not satisfied, ... that the necessary elements of the following allegations have been established:

1. Respondent's conduct, in failing to promptly notify the Hills of the receipt of $2,100 owed on the note plus legal fees in the amount of $700 and costs of $67.50, and failing to promptly pay such amount to his clients, the Hills, violated DR 9–102(B)(1) [violate a disciplinary rule] and (4) [promptly pay funds to client] as well as DR 1–102(A)(1) [promptly notify client of receipt of funds], DR 1–102(A)(5) [conduct prejudicial to the administration of justice] and DR 1–102(A)(6) [conduct adversely reflecting on fitness to practice law].

2. Respondent's conduct, in failing to respond to the inquiries of the Hills regarding the status of their case and forward to them copies of the requested documents, violated DR 9–102(B)(1) and (4), DR 6–101(A)(3) [neglect of a legal matter entrusted to a lawyer] as well as DR 1–102(A)(1), (5) and (6).

3. Respondent's conduct, in neglecting prosecution of the Hill's case, violated DR 6–101(A)(3).

4. Respondent's conduct, in failing to timely respond to the informal complaint, despite the original notice of the informal complaint and the subsequent written warning, violated Rule 241.6(7) [failure to respond to a request by Grievance Committee] as well as DR 1–102(A)(1).

Regarding Items 1 to 4, above, the hearing board is not satisfied that the underlying events were not the unfortunate result of erroneous communication based on unilateral or mutual mistakes made by each party.

Further, the hearing board is not satisfied that the necessary elements were presented regarding the allegations that respondent converted the funds to his own use and otherwise engaged in misrepresentation to the Hills and the Committee in violation of DR 1–102(A)(3) [en-gage in illegal conduct involving moral turpitude] and DR 1–102(A)(4) [engage in conduct involving dishonesty, fraud, deceit, or misrepresentation].

Accordingly, the hearing board hereby gives notice to the complainant that the hearing board needs additional information or evidence regarding specific facts or events to support the allegations of the complaint. If the complainant wishes to present additional information or evidence in support of these allegations, a hearing date should be set forthwith and respondent given notice of said hearing. At that time the Hearing Board, in accordance with the provisions of Rule 241.13(b), will receive arguments from both parties regarding the form of discipline to be imposed.

Following the interim order, the disciplinary prosecutor endeavored to obtain further discovery but the respondent failed to comply with discovery orders, did not attend scheduled meetings, and failed to appear for a scheduled deposition. After a motion for sanctions was filed, Jacobson's counsel filed an answer to the complaint.

Thereafter, a stipulation regarding facts and violations was entered into to comply with the request of the hearing board and in lieu of an evidentiary hearing. The stipulation was later supplemented on the disciplinary prosecutor's motion and over the respondent's objection with the records of the real estate trust account of respondent's wife, which established that the balance in the trust account was in some instances below the amount the respondent allegedly held in trust for the complainants. In addressing Count I of the complaint, the stipulation, which was signed by the respondent and his counsel, admitted violations of C.R.C.P. 241.6(1) (violation of the Code of Professional Responsibility) and (3) (act violating the highest standards of honesty, justice, or morality); DR 1–102(A)(1) (violation of a disciplinary rule); DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 6–101(A)(3) (neglect of a legal matter entrusted to a lawyer); and DR 9–102(B)(1) (promptly notify a client of receipt of

funds), (2) (identify client's property), and (4) (promptly pay funds in possession of lawyer which client is entitled to receive). As to Count II, the stipulation admitted violations of C.R.C.P. 241.6(7) (failure to respond to request by Grievance Committee without good cause); DR 1–102(A)(1) (violation of a disciplinary rule); and DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation).[1]

1. The stipulation provided:

### COUNT ONE

2. Beverly Stevenson–Hill [Ms. Hill] one of the complaining witnesses, retained Respondent to sue on a $2,100 promissory note. His fees were to be paid pursuant to a contingency fee agreement. Respondent filed suit on November 6, 1978. *Beverly Stevenson v. Butler League,* Case No. 3950, Eagle County District Court. The Defendant failed to answer, and Respondent filed a motion for default judgment which was granted by the Court on March 23, 1979.

3. [Ms. Hill] moved from Vail, Colorado to Santa Fe, New Mexico in 1979. On August 3, 1979 [Ms. Hill] notified Mr. Jacobson's office that her new address was 1111 Barcelona Lane, Santa Fe, New Mexico 87501. On August 17, 1982, Mr. Jacobson wrote to [Ms. Hill] at 1111 Barcelona Lane, Santa Fe, New Mexico 87501, indicating that the "file had recently surfaced again" and asking her for her ideas on where the judgment debtor could be found. The Hills had called Respondent's office on other occasions to inquire about the status of their case and to request copies of the judgment and other pleadings related to the case, as well as a copy of the original promissory note. Respondent did not return the documents requested. A bill from Respondent to [Ms. Hill] on January 30, 1983 reflected a telephone call from Respondent to Ms. Hill at her home phone number, and indicated the phone number. This is still [Ms. Hill's] phone number.

4. In late January or early February, 1984, Respondent heard from an attorney who was handling a foreclosure on the judgment debtor's residence and who had requested a waiver of notice for the foreclosure from Respondent's client, [Ms. Hill]. On February 28, 1984, Respondent mailed a waiver of notice with a cover memo to [Ms. Hill] at 1111 Barcelona Lane, Santa Fe, New Mexico 87501, and it came back undeliverable. On April 20, 1984, a satisfaction of judgment was signed by Respondent in the case of *Stevenson v. League,* and Respondent received $3,100 in settlement of the case.

5. On May 3, 1984, Respondent filed a satisfaction of judgment stating that the judgment has been satisfied and "paid in full by the Defendant." On May 14, 1984, Respondent wrote to [Ms. Hill] at 1111 Barcelona Lane, Santa Fe, New Mexico advising her of the settlement of the underlying case and requesting an immediate response. This letter came back undeliverable. Other than the efforts indicated by the letters of February 29 and May 19, 1984, Respondent made no attempts between the date of receipt of the settlement funds and March 20, 1985 to contact the Hills.

6. On July 25, 1984, [Ms. Hill] filed a request for an investigation with the Grievance Committee of the Colorado Supreme Court. A copy of that was sent to Respondent and received by him on July 30, 1984. The request contains [Ms. Hill's] address in Santa Fe.

7. Respondent's response to the request for an investigation is dated September 15, 1984, but was not received by the Grievance Committee until April 24, 1985. The response letter indicates by initials at the end of the letter that it was typed by Allison Edwards, Respondent's secretary during part of 1984. Ms. Edwards was fired by respondent on Monday, September 17, 1984, two days after the date indicated on the Respondent's response letter to the Grievance Committee (Saturday, September 15, 1984). On October 12, 1984, a check dated September 18, 1984 from the Advantage Insurance Trust Account in the amount of $2,066.67 was deposited into the trust account for Jacobson and Chapman, P.C. at Vail National Bank.

8. In March, 1985 the Hills went to Vail for a skiing vacation. While there, they obtained copies of the documents from the Eagle County Courthouse that they had requested and [had] not received from Respondent. The Hills came back the next day and received a copy of Respondent's "response" dated September 15, 1984 and a check for $2,066.67 from the Jacobson and Chapman Trust Account at Vail National Bank.

### VIOLATIONS UNDER COUNT ONE

9. The foregoing conduct of the Respondent violates Rule 241.6(1) [violation of the Code of Professional Responsibility], and (3) [act violating highest standards of honesty, justice, or morality] [of] the Colorado Supreme Court Rules concerning discipline of attorneys, and also violates the Code of Professional Responsibility, DR1–102(A)(1) [violation of a disciplinary rule], DR1–102(A)(4) [conduct involving dishonesty, fraud, deceit, or misrepresentation], DR6–101(A)(3) [neglect of a legal matter entrusted to a lawyer], and DR9–102(B)(1, 2, 4) [ (1) promptly notify a client of receipt of funds, (2) identify client's property, (4) promptly pay funds in possession of lawyer which client is entitled to receive].

### COUNT TWO

10. Respondent did not file a response to the Hills request for an investigation within the time period prescribed by C.R.C.P. 241.-

The disciplinary prosecutor objected to the *Rice* hearing and to the sanction recommended by the hearing panel because it was too lenient. We agree. Since the report and recommendation of the Grievance Committee is advisory and not binding on this court, we can make an independent decision regarding the appropriate form of sanction in a particular case. *People v. Morley*, 725 P.2d 510 (Colo.1986); *People v. Susman*, 196 Colo. 458, 587 P.2d 782 (1978); C.R.C.P. 241.15(b)(3) (hearing panel shall refer disciplinary matters to this court and recommend an appropriate form of sanction). In this case, the fraud and deceit and the pattern of professional misconduct exhibited by the respondent requires disbarment. The respondent not only attempted to mislead his client and the Grievance Committee of this court to hide his misappropriation of funds, but also falsified a response to the investigatory request of the Grievance Committee.

In our view, the respondent knowingly converted his client's funds to his own use. *Giovanazzi v. State Bar of California*, 28 Cal.3d 465, 619 P.2d 1005, 169 Cal.Rptr. 581 (1980). Section 4.11 of the ABA Standards for Imposing Lawyer Sanctions states: "Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." Section 4.11 is merely a restatement of the recognized sanction in Colorado for misappropriation of a client's funds. *People v. Kluver*, 199 Colo. 511, 611 P.2d 971 (1980); *People ex rel. Buckley v. Beck*, 199 Colo. 482, 610 P.2d 1069 (1980); *see also* ABA Standards § 4.61 (disbarment is appropriate when a lawyer knowingly deceives a client with the intent to benefit himself and causes, or potentially causes, serious injury to the client).

The hearing board found that the respondent was dishonest in his dealings with the committee, fabricated a response to the Grievance Committee, and made misrepresentations during the hearing. The respondent's treatment of his client, over an extended period of time, and his treatment of the Grievance Committee were found by the hearing board to be attended by circumstances of dishonesty, deceit, fraud, and willful neglect. Section 5.11(b) of the ABA Standards in recommending disbarment provides: "[A] lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice." *See also People v. Gibbons*, 685 P.2d 168, 175 (Colo. 1984); *People v. Young*, 673 P.2d 1003 (Colo.1984); ABA Standards § 6.11 (disbarment for submission of falsified documents to deceive the court and to adversely affect the proceeding).

Marital problems, a mitigating circumstance offered by the respondent, hardly provide a mitigating circumstance for not disbarring him. *See People v. Goss*, 646 P.2d 334 (Colo.1982) (alcohol, health, and emotional problems do not excuse an attorney's dilatory practices and false statements to clients). His previous record includes a letter of admonition that was issued for his neglect of a legal matter entrusted to him, and for his failure to communicate with his client. Disbarment, in

---

10(a). On August 31, 1984 investigative counsel wrote Respondent and warned him that a failure to respond would constitute a violation of C.R.C.P. 241.6(7). On September 6, 1984 Respondent acknowledged receipt of the August 31 letter to a secretary for the Grievance Committee counsel by telephone, and promised that he would file an answer by September 13, 1984. No answer was received on that date. On April 14, 1985, the Grievance Committee mailed to Respondent a notice that the Hills request would be referred for formal proceedings. Respondent did not open the envelope which contained this notice. Respondent's response was [not] received by the Grievance Committee until April 24, 1985. In his belated response, Respondent misrepresented as a reason why he had not sent [Ms. Hill] the sums collected, that when [Ms. Hill] moved from one address in Santa Fe to another he had been unable to contact her.

VIOLATIONS UNDER COUNT TWO

11. The foregoing conduct of the Respondent violates Rule 241.6(7) of the Colorado Supreme Court Rules concerning discipline of attorneys [failure to respond to request by Grievance Committee without good cause] and also violates the Code of Professional Responsibility, DR1–102(A)(1) [violation of a disciplinary rule] and DR1–102(A)(4) [conduct involving dishonesty, fraud, deceit, or misrepresentation].

our view, is the only appropriate remedy under the facts of this case.

■ The more difficult issue is whether a *Rice* hearing was warranted after the respondent defaulted and failed to appear at the default hearing. *People v. Rice*, 708 P.2d 785, 786 n. 2 (Colo.1985).[2] In *People v. Richards*, No. 87SA152, slip op. (Colo. Dec. 21, 1987), we stated that a *Rice* hearing may be ordered if any change in the complaint is insufficient or if the respondent shows that type of manifest injustice defined in C.R.C.P. 55(c), 60(b), or 241.13(b).[3] C.R.C.P. 241.13(b) provides:

**Failure to Answer, and Default.** If the respondent fails to file an answer within the period provided by subsection (a) of this Rule, a report of that fact shall be made to the hearing board. Thereafter, the presiding officer shall enter a default and the complaint shall be deemed admitted; provided, however, that a respondent who fails to file a timely answer may, upon a showing that his failure to answer was the result of mistake, inadvertence, surprise, or excusable neglect, obtain leave of the hearing board to file an answer.

Notwithstanding the entry of default, the respondent shall be given notice of the final hearing, at which he may appear and present arguments to the hearing board regarding the form of discipline to be imposed.

Thereafter, the hearing board shall review all pleadings, arguments, and the Investigator's report and shall prepare a report setting forth its findings of fact and recommendation as provided in C.R.C.P. 241.15(a).

The hearing panel shall review the report of the hearing board and may either approve the report or modify it. If the hearing panel approves the hearing board's report, it shall adopt that report as its own. The hearing panel must accept the hearing board's findings of fact unless, on the basis of its own review of the record, it determines that such findings are clearly erroneous. If the hearing panel modifies the hearing board's recommendation only, it need not review the record but must state the reasons for the modification. The report of the hearing panel shall be signed by each concurring member of the hearing panel.

The hearing panel's report shall be submitted to the Supreme Court for further proceedings provided by C.R.C.P. 241.20.

Although the sufficiency of the complaint is conceded in this case, the hearing board neither enforced the rule and deemed the complaint admitted nor required the respondent to file a motion to set aside the default. *See People v. Richards*, slip op. at 8. In fact, the default was never set aside. If the default had been set aside, the respon-

**2.** Footnote two provides:

The respondent did not file exceptions to the Hearing Board's Findings and Conclusions, but the complainant did. It took exception to the finding of the Hearing Board that there was *insufficient evidence of intent to* support the allegation of dishonesty, and lack of clear and convincing evidence of incompetence.

The complainant argues that since the respondent failed to file an answer or contest the issues raised in the complaint the allegations of the complaint must be deemed admitted. C.R.C.P. 241.13(b).

In view of the record in this case, we choose not to address complainant's exceptions. However, we are of the view that if the allegations of the complaint are not accepted by the Hearing Board when an order of default has been entered the complainant should be given the opportunity to introduce evidence in support thereof.

**3.** C.R.C.P. 55(c) provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Rule 60(b) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

dent could have requested a *Rice* hearing but no motion was made to set aside the default for any of the reasons specified in C.R.C.P. 55(c), 60(b), or 241.13(b). In our view, a *Rice* hearing was not justified by the hearing board's conclusion that it was "not satisfied that the underlying events were not the unfortunate result of erroneous communication based on unilateral or mutual mistakes by each party."

Admittedly, the interim order granted the disciplinary prosecutor an opportunity to offer additional evidence to establish the necessary elements of the complaint but no further hearing was required in this case. The sufficiency of the complaint is conceded and the investigatory reports, pleadings, evidence, and arguments proved the case at the evidentiary hearing. We do not favor the use of a *Rice* hearing when the requirements of C.R.C.P. 241.13(b) have not been met.

Since the sufficiency of the complaint has never been in issue and no motions were filed by the respondent for relief under C.R.C.P. 12 or 56(c), the hearing board should have required the respondent or his counsel to comply with C.R.C.P. 241.13(b) before imposing the additional burdens of an evidentiary hearing on the complainant or the disciplinary prosecutor. *See People v. Richards,* slip op. In the *Rice* case, we addressed the practice of dismissing charges without notice or an opportunity to offer supporting evidence and set forth the protective format in footnote 2. In our view, the orderly method for reviewing disciplinary charges after a respondent defaults is set forth in C.R.C.P. 241.13(b). *Rice* hearings should not be ordered by the hearing board unless a charge in the complaint is insufficient as a matter of law, or in the proper case pursuant to a motion by the respondent to prevent the type of manifest injustice specified in C.R.C.P. 55(c), 60(b), or 241.13(b). Here, there was no basis for a further hearing.

Inasmuch as the charges have been proven far beyond the requirements of C.R.C.P. 241.13(b), we order that the respondent, James S. Jacobson, be disbarred and that his name be stricken from the list of lawyers authorized to practice before the Colorado Supreme Court. We further order that the respondent pay the costs of these proceedings in the amount of $1,733.45 and that the costs be paid to the Grievance Committee of the Colorado Supreme Court, Suite 500S, Dominion Plaza, 600 17th Street, Denver, Colorado 80202–5435, within six months.