### The PEOPLE of the State of Colorado, Complainant,

### v.

### James E. LOVETT, Attorney–Respondent.

### No. 87SA485.

Supreme Court of Colorado, En Banc.

March 28, 1988.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Attorney-respondent not appearing.

ERICKSON, Justice.

This is a disciplinary proceeding against respondent James E. Lovett that was concluded with the recommendation that the respondent be disbarred for his professional misconduct and that he be assessed the cost of these disciplinary proceedings. The hearing panel of the Grievance Committee approved the hearing board's findings of fact and its recommendation that the respondent be disbarred for his misconduct. We approve of both the findings and the recommendation of the Grievance Committee.

The respondent, James E. Lovett, was admitted to the bar of this court on October 6, 1975, and is subject to the jurisdiction of this court and its Grievance Committee. The respondent had a registered business address at 12499 West Colfax Avenue, Suite A, Lakewood, Colorado 80215, but moved to Sacramento, California without notifying his clients of his intention to leave Colorado. On November 6, 1986, the

respondent received the initial request for investigation by Dean M. Keefe, which was mailed to him at 210 Hartnell Place, Sacramento, California 95825. The respondent signed a receipt for the certified delivery of the request for investigation, but never responded to the inquiry.

Thereafter, on May 8, 1987, a citation and a complaint were filed and mailed by both regular and certified mail to the respondent at his last known address in Sacramento, California. On June 3, 1987, the envelope containing the citation and complaint sent by certified mail was returned to the office of the disciplinary prosecutor with the notification that the new address for the respondent was 555 Douglas Street, No. 97, Broderick, California 95605–2516. The citation and complaint were again mailed by both regular and certified mail to the respondent at the new address in Broderick, California. On June 29, 1987, the envelope containing the citation and complaint that had been sent to the respondent by certified mail was returned to the office of the disciplinary prosecutor marked "unclaimed."

On June 29, 1987, a letter was sent by regular mail to the respondent at the Broderick, California address, requesting that he answer the complaint within ten days to avoid having a motion for default filed against him. The ten-day warning letter was not returned to the office of the disciplinary prosecutor and the respondent failed to respond to the request for investigation or any subsequent letters sent by the Grievance Committee. It is significant that all first-class mail sent to the respondent at his various California addresses has not been returned, but all certified mail has been returned marked either "unclaimed" or with a new address.

On July 16, 1987, the hearing panel entered its order for default pursuant to C.R. C.P. 241.13(b). *See People v. Richards,* 748 P.2d 341 (Colo.1987); *People v. Jacobson,* 747 P.2d 654 (Colo.1987). The default was properly entered against respondent and the record made at the evidentiary hearing establishes by clear and convincing evidence professional misconduct that warrants disbarment.

## I.

In September 1981, the respondent represented Polyethylene Products Company, Inc. and its president, Dean M. Keefe. Polyethylene Products had sold packaging materials to George R. Brown, d/b/a Brown's Valley Feed by means of a promissory note in the amount of $23,920.43, which was secured by a deed of trust. Later, on March 23, 1982, a second sale of packaging materials was made to Brown's Valley Feed and a second promissory note was prepared by the respondent in the amount of $18,466.65, which was to be secured by a deed of trust. The respondent agreed to prepare another deed of trust, but did not prepare, or have a deed of trust executed, and included only the following notation on the note: "This Note is a substitute for a certain Promissory Note dated September 16, 1981, in the original amount of $23,920.43, and is secured by a certain Deed of Trust for the benefit of Polyethylene Products Company, Inc., dated September 16, 1981."

Thereafter, on May 5 and September 22, 1982, federal tax liens were filed against the real property belonging to George R. Brown, which was described in the original deed of trust. As a result, George R. Brown and Patricia A. Brown, d/b/a Brown's Valley Feed, petitioned for the protection afforded by the bankruptcy act. The respondent claimed that the second note he had prepared was secured by the deed of trust previously recorded as security for the September 16, 1981 note.

On January 16, 1984, a bankruptcy judge ruled that the September 16, 1981 deed of trust was extinguished when the note was paid and that the note executed on March 23, 1982, was therefore unsecured. Consequently, the property was sold to satisfy the encumbrances and the tax liens. If the respondent had carried out his agreement with his client and prepared a note and deed of trust in the second sale, Polyethylene Products would have received payment

of the unpaid balance of the note, which was $16,000.

The respondent did not advise Polyethylene Products of the bankruptcy court's ruling. The president, Dean M. Keefe, who was the complaining witness in this case, was told by another creditor of the bankruptcy court's ruling. When the respondent was questioned by Keefe about the second note, the respondent said he would file an appeal with the appropriate court. On several occasions Keefe asked respondent about the appeal and was assured that an appeal was in progress.

On August 31, 1984, Keefe wrote to the respondent requesting a copy of the appeal and a brief which should have been filed by April 15, 1984. The respondent replied that the brief could not be found. On October 5, 1984, the respondent wrote to Keefe and stated he would go to court on October 16 and would call him by October 18. From that date forward Keefe was unable to contact respondent and has not heard from him since that time.

## II.

The respondent abandoned his practice and moved to California without advising his clients of any forwarding address. He also failed to advise the Supreme Court of his change of address and did not provide a new address to the court.

The respondent failed to cooperate with the Grievance Committee and the record establishes that he committed the following professional misconduct:

1. Engaged in conduct involving dishonesty, deceit, and misrepresentation, in violation of DR 1–102(A)(1) and (4);

2. Engaged in conduct that adversely reflected on his fitness to practice law in violation DR 1–102(A)(6);

3. Neglected a legal matter entrusted to him in violation of DR 6–101(A)(3);

4. Failed to carry out a contract of employment entered into with a client for professional services in violation of DR 7–101(A)(2);

5. Violated C.R.C.P. 241.6(1), (2), and (3) by his acts and omissions in the course of his professional relationship and in his capacity as a lawyer; and

6. Failed to respond to a request by the Grievance Committee without good cause in violation of C.R.C.P. 241.6(7).

In determining a proper sanction, it is significant that the respondent has not been guilty of any prior professional misconduct. However, the American Bar Association Standards for Imposing Lawyer Sanctions recommends the following standard that applies to this case:

**4.4 Lack of Diligence**

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving a failure to act with reasonable diligence and promptness in representing a client:

4.41 Disbarment is generally appropriate when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

The lack of any prior reported professional misconduct provides some mitigation, but the respondent's abandonment of his practice and his total lack of cooperation with the Grievance Committee provide significant aggravating circumstances. Moreover, the respondent's misrepresentations and neglect resulted in serious financial losses to his client. We approve the recommendation of the Grievance Committee and order that the respondent, James E. Lovett, be disbarred.

Accordingly, the respondent, James E. Lovett, is disbarred and it is ordered that his name be stricken from the list of lawyers authorized to practice before the Colorado Supreme Court. He is also assessed the costs of these proceedings in the amount of $105.36, and is ordered to pay

the costs to the office of the Grievance Committee, 600–17th Street, Suite 500 S, Denver, Colorado 80202–5435, within thirty days from the date of the issuance of this opinion.