**The PEOPLE of the State of Colorado, Complainant,**

v.

**Gertrude A. SCORE, Attorney–Respondent.**

**No. 87SA483.**

Supreme Court of Colorado, En Banc.

July 11, 1988.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

E. Michael Canges, Denver, for attorney-respondent.

MULLARKEY, Justice.

In this attorney disciplinary case, a hearing panel of the Supreme Court Grievance Committee has recommended that the respondent, Gertrude A. Score, be disbarred and that the costs of the proceedings be assessed against her. We approve this recommendation.

## I.

Score is a member of the Bar of this state and was admitted to practice in 1963. The parties entered into a stipulation of facts and the respondent admitted that she engaged in multiple acts of misconduct with respect to her representation of Teddy Carr Jones during a one and one-half year period from 1982 through 1984. Score and her law partner were two of the three persons appointed by the Probate Court for the City and County of Denver as co-guardians and co-conservators for Jones who was mentally incompetent to manage his affairs. Jones had a sizable estate including several pieces of real property, stocks and bonds, bank accounts, jewelry and other personal property.

In her handling of the Jones' estate, Score failed to keep accurate and orderly records, failed to file timely and complete inventories, and failed to post a timely and adequate bond based on all known assets. Her conduct violated DR 6–101(A)(3) (neglect of a legal matter), DR 1–102(A)(5) (conduct prejudicial to the administration of justice), DR 7–102(A)(3) (failing to disclose that which she is required by law to reveal), and DR 7–101(A)(3) (conduct which prejudices or damages a client). Score and her partner entered into a rental agreement with Jones to manage and rent one of Jones' properties in return for a ten percent commission. In so doing, she violated DR 5–104(A) by entering into a business transaction with a client without full disclosure of her conflict of interest. The respondent further mishandled Jones' estate by failing to obtain formal title determinations on any of his properties, failing to obtain appraisals, failing to develop investment strategies, failing to inventory the household goods for two properties, and

failing to record letters of conservatorship with the clerk and recorder's office. Her conduct in this regard violated DR 6–101(A)(3) (neglect of a legal matter), DR 1–102(A)(5) (conduct prejudicial to the administration of justice), and DR 7–101(A)(3) (conduct which prejudices or damages a client).

After they were appointed as Jones' co-conservators, Score and her partner prepared Jones' will, naming themselves as co-personal representatives and co-trustees of Jones' estate. In the will, they created a ten year trust for the sole heir despite the fact that he was a person competent to manage his own affairs. Score's conduct with respect to the will constituted employment that would likely involve her in representing differing interests in violation of DR 5–101(A).

Score's handling of Jones' estate involved four acts of dishonesty or misrepresentation in violation of DR 1–102(A)(4). First, a bank account in the amount of $32,960.55 was intentionally excluded from the original inventory. Second, the respondent and her partner falsely informed St. Anthony's Hospital that Jones had no medical insurance or income sufficient to pay his outstanding bill of $24,194.60. As a result of these misrepresentations and their failure to pay the hospital bill, collection actions were taken, Jones was sued and eventually the probate court authorized payment in full. Third, Score agreed to the sale of Jones' car to her partner's son without notice to Jones and for a fraction of the value of the car. Fourth, the respondent made inaccurate statements on the amended inventory regarding Jones' stocks.

The respondent took personal property from one of Jones' residences and took a diamond ring from his safe deposit box in violation of DR 1–102(A)(4) (conduct involving dishonesty) and C.R.C.P. 241.6(5) (violation of a criminal law). Score also failed to procure medical insurance for Jones and failed to require that he be driven by a licensed, insured driver. That conduct constituted gross negligence in violation of DR 6–101(A)(3). Finally, the respondent's mis-

management of Jones' estate constituted a violation of DR 6–101(A)(1) because she knew or should have known that she was incompetent to handle this matter.

## II.

The hearing board of the Grievance Committee relied on the following provisions of the American Bar Association *Standards for Imposing Lawyer Sanctions* (1986) as the bases for its recommendation of disbarment:

4.1 Failure to Preserve the Client's Property

....

4.11 Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.

4.4 Lack of Diligence

....

4.41 Disbarment is generally appropriate when:

. . . . .

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; ...

4.5 Lack of Competence

....

4.51 Disbarment is generally appropriate when a lawyer's course of conduct demonstrates that the lawyer does not understand the most fundamental legal doctrines or procedures, and the lawyer's conduct causes injury or potential injury to a client.

The committee found that the stipulated misconduct was extensive and egregious, that Score had a record of prior discipline, and that she was unwilling or unable to conform her conduct to the minimum requirements of professional responsibility imposed upon all lawyers.

Before this court, Score concedes that the stipulated facts are true and that her conduct violated the Code of Professional Conduct and the rules as described in part I. However, she argues that suspension rather than disbarment is the appropriate sanction. With respect to her conversion of Jones' personal property and the diamond ring, she argues she did not knowingly convert her client's property because she was ignorant of her legal relationship with Jones as conservator of the estate. She urges this court not to follow ABA Standard 4.11 which, as set forth above, provides that disbarment is appropriate when a lawyer knowingly converts her client's property and causes injury or potential injury to the client.

We reject the respondent's argument. The only knowledge required of Score in this context is that she knowingly engaged in the conduct or activity itself, i.e., taking her client's property. It requires no special knowledge of conservatorship law for an attorney to know that she cannot take the personal property of her mentally incompetent client. By stealing her client's property, an attorney "destroys the element of trust which is essential to the attorney-client relationship" and "damages the public's perception of attorneys and its confidence in our legal system." *People v. Wolfe*, 748 P.2d 789, 793 (Colo.1988).

Secondly, the respondent contends that disbarment is not appropriate because she did not knowingly fail to perform services for her client. In support of this contention, Score points out that her partner became ill and, as a result, her workload increased dramatically. She further argues that no serious injury resulted to her client because she made restitution. Thus, Score asserts that ABA Standard 4.41(c) is not applicable. That standard provides that disbarment is generally appropriate when a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to her client. There was a clear pattern of neglect in this case which not only caused serious economic harm to the estate but also exposed Jones himself to personal danger. As discussed in part I, Score failed to provide that Jones' caregiver was a licensed, insured driver and failed to obtain medical insurance for Jones. Although Score paid approximately $9,500 in restitution to the estate, this payment was made only after the probate court appointed an-

other attorney to investigate the status of the estate and that attorney negotiated a settlement with the respondent. We do not consider forced restitution to be a mitigating factor. *People v. Geller*, 753 P.2d 235, 237 (Colo.1988); *Wolfe*, 748 P.2d at 792; ABA Standard 9.4(a).

Finally, the respondent contends that she should not be disbarred for her lack of competence. ABA Standard 4.51 provides that disbarment is generally appropriate if a lawyer's course of conduct demonstrates that she does not understand the most fundamental legal doctrines or procedures, and her conduct causes injury or potential injury to a client. Score contends that she did not lack an understanding of "the most fundamental legal doctrines or procedures" but rather that she did not understand the complex law related to conservatorships. This argument is contrary to Score's own testimony in which she stated that she had successfully handled other conservatorships. We note that Score was admitted to the practice of law for approximately 20 years when the events giving rise to this grievance occurred. The stipulation of facts shows a complete disregard for her duties and responsibilities as an attorney. Contrary to Score's assertion, the record clearly establishes that she does not understand the most fundamental legal doctrines and procedures.

## III.

Several aggravating factors are present in this case. The respondent has had three prior disciplinary actions for similar acts of misconduct. In 1977 she received a private censure for dishonesty and neglect. In 1982 she received a letter of admonition for naming herself as a primary beneficiary in two wills she drafted for a client. A sec-

ond letter of admonition was issued to her in 1987 for neglect of a legal matter. Additional aggravating factors set forth in the ABA Standards also apply in this case. Score had a dishonest or selfish motive in taking her client's property. Standard 9.22(b). There was a pattern of misconduct extending over approximately one and one-half years and involving multiple offenses. Standard 9.22(c), (d). The victim was particularly vulnerable because he was mentally incompetent. Standard 9.22(h). The respondent had substantial experience in the practice of law. Standard 9.22(i). There is no question that the aggravating factors outweigh by far such mitigating factors as the respondent's cooperation with the Grievance Committee and her expressed remorse. ABA Standards 9.32(e) and (1). We agree with the disciplinary prosecutor that disbarment would be appropriate on each of the three bases discussed above. Taken together, they compel disbarment.

For these reasons, it is hereby ordered that Gertrude A. Score be disbarred from the practice of law effective 30 days after the date of this order as provided in C.R. C.P. 241.21(a) and that her name be stricken from the roll of attorneys licensed to practice in this state. It is further ordered that the respondent pay costs in the amount of $302.31 within 30 days of the date of this order to the Supreme Court Grievance Committee, Dominion Plaza Suite 500S, 600 Seventeenth Street, Denver, Colorado 80202–5435.