The PEOPLE of the State of
Colorado, Complainant,

v.

Stewart Adair SHAFER, Respondent.

No. 88SA201.

Supreme Court of Colorado,
En Banc.

Dec. 5, 1988.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

Stewart Adair Shafer, Pueblo, pro se.

MULLARKEY, Justice.

In this attorney discipline case, a hearing panel of the Grievance Committee has recommended that the respondent, Stewart Adair Shafer, be disbarred but that the

disbarment be stayed for eight years provided that the respondent satisfy certain specified conditions. The Disciplinary Prosecutor has filed exceptions with this court, arguing that Shafer should be disbarred. We reject the panel's recommendation and order the respondent disbarred and the costs of the proceedings assessed against him.

## I.

The respondent was admitted to the Bar of the State of Colorado in 1965 and is subject to the jurisdiction of this court and its Grievance Committee. The Grievance Committee found by clear and convincing evidence that the respondent violated the following provisions of the Code of Professional Responsibility: DR 1–102(A)(4) (engaging in conduct involving dishonesty and fraud), DR 9–102(A) (failing to preserve the identity of client funds), DR 9–102(B)(4) (failing to promptly pay or deliver client funds), and DR 1–102(A)(1) (violating a disciplinary rule). The committee concluded that discipline was appropriate under C.R. C.P. 241.6.

The underlying facts are undisputed. Shafer represented an elderly client, Victor L. Anderson, who had given Shafer his power of attorney. Anderson became incompetent to manage his own affairs and Shafer placed him in a nursing home. Without establishing a conservatorship, Shafer informally managed Anderson's finances until Anderson died on December 30, 1984. During 1982 and 1983, Shafer converted to his own use over $28,000 of Anderson's funds.

The conversion came to light in 1986 when the Public Administrator demanded an accounting from Shafer. At the request of Anderson's nephew who lived in another state, Shafer had prepared periodic accountings of Anderson's estate; the most recent accounting was done in January 1984 and showed an outstanding balance of over $36,000. After some delay and evasion, the respondent admitted to the Public Administrator that none of the client's funds were left and that he had converted the funds to his own use. The Grievance Committee found that the detailed financial statements prepared for Anderson's nephew were fraudulent and that Shafer had depleted his client's funds by late 1983. After that time, Shafer used his own funds to pay Anderson's expenses.

The Public Administrator was appointed as the personal representative of Anderson's estate and filed a complaint against Shafer alleging wrongful conversion, negligence and embezzlement. Shafer filed an answer confessing judgment in the amount of $28,179.27. In May 1987 Shafer and the Public Administrator stipulated to the entry of judgment against Shafer in the amount of the confessed judgment plus interest, costs and attorney fees, for a total of $35,605.34. Under the stipulation, Shafer is required to pay a minimum restitution of $500 per month commencing June 1, 1987 until the judgment plus accrued interest at the rate of 8% per annum is satisfied. Shafer had paid approximately $2,000 in restitution at the time of the Grievance Committee proceedings.

## II.

The Grievance Committee found, by clear and convincing evidence, that Shafer was afflicted by alcoholism, that his misconduct resulted from his alcoholism, and that he was not likely to pose a danger to the public if he remained sober. These findings do not bar the imposition of discipline under our rules. Misconduct caused by mental illness cannot be the basis for discipline under C.R.C.P. 241.19(a). However, that provision expressly excludes misconduct caused by addiction to drugs or intoxicants from the scope of the prohibition against discipline. Therefore, we must determine what discipline is appropriate, given all the circumstances of this case.

Under Standard 4.11 of the ABA Standards for Imposing Lawyer Sanctions (1986), "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." As we stated in *People v. Wolfe*, 748 P.2d 789, 792 (Colo.

1988), "[o]ur case law is consistent with ABA Standard 4.11 in that we generally impose the sanction of disbarment in cases involving the theft of client property." This is especially true when, as here, the attorney converts his client's funds for the attorney's own benefit. Because of his failing practice, Shafer used his client's funds to pay his ordinary living expenses. Shafer admitted that he also commingled the funds of other clients and used moneys from Anderson's estate to replace moneys he had taken from other estates for his personal expenses.

Shafer presented evidence in mitigation to support his argument that disbarment should not be imposed. Through his own testimony and that of three other witnesses, he chronicled his history of alcoholism and his efforts at rehabilitation. He asserted that he presently is a recovering alcoholic and that at the time of the conversion of his client's funds, he was a third stage alcoholic who was unable to function without alcohol. He testified that beginning in January 1985, he began to attend meetings of Alcoholics Anonymous and to become involved in Alcoholics Anonymous functions. Shafer sought help for his alcoholism after a December 1984 car accident in which he was driving and his eight-year-old daughter was killed. He was arrested and charged with vehicular homicide. Several months later, Shafer pleaded guilty to Driving While Ability Impaired and was sentenced to a term of probation. At the time of the Grievance Committee hearing, the respondent had remained sober for over two years and continued to be active in Alcoholics Anonymous and in Concerned Lawyers, Inc. He had resumed practicing law on a limited basis and a large percentage of his practice was as court-appointed counsel in mental health cases. A psychotherapist testified as an expert on behalf of Shafer and gave her opinion that there is a high probability that Shafer will remain sober.

The Disciplinary Prosecutor has argued that Shafer should be disbarred. She points out that some twenty months elapsed between the time when Shafer stopped drinking and the time when the Public Administrator confronted him with evidence of his embezzlement. During that time, Shafer did nothing to make restitution or to bring this matter to the attention of the appropriate authorities. In 1982 and 1983 when he converted Anderson's funds, Shafer's alcoholism did not prevent him from continuing to practice law. According to his testimony, he competently handled cases for 20 to 30 other clients. Although the respondent experienced a number of traumatic events (including most tragically the death of his daughter), those events happened after the conversion of Anderson's funds took place and do not explain his misconduct.

We agree with the Disciplinary Prosecutor that the present case presents an even more compelling case for disbarment than *Wolfe*, 748 P.2d 789, or *People v. Fitzke*, 716 P.2d 1065 (Colo.1986), which both involved the knowing conversion of client funds to an attorney's personal use. This case is not unlike *People v. Score*, 760 P.2d 1111 (Colo.1988), where we disbarred an attorney for, among other things, converting the property of an incompetent client. We have said repeatedly that an attorney's conversion of his client's funds strikes at the heart of the attorney-client relationship. Not only is the individual client harmed but public confidence in attorneys is severely undermined when an attorney betrays his client's trust by stealing his money. The misconduct is especially egregious when the client is an incompetent person.

Under the ABA Standards, several aggravating factors are present here. *See* Standard 9.22. The respondent was an experienced practitioner, he acted with a selfish or dishonest motive, his client was particularly vulnerable, he engaged in a pattern of misconduct over a substantial period of time and he successfully covered up his misconduct for an even longer time. Under ABA Standard 9.32, several mitigating factors also are present including the respondent's alcoholism, his interim efforts at rehabilitation, and his cooperation with the Grievance Committee. We give no favorable weight to the absence of a prior

disciplinary record because the record discloses this was not an isolated incident limited to one client's trust account. On balance, we find that the aggravating factors far outweigh the mitigating factors and that disbarment is appropriate.

Accordingly, it is hereby ordered that Stewart Adair Shafer is disbarred from the practice of law effective thirty days from the date of this order as provided in C.R. C.P. 241.21(a) and that his name be stricken from the role of attorneys licensed to practice in this state. It is further ordered that the respondent pay costs in the amount of $768.05 within sixty days of the date of this order to the Supreme Court Grievance Committee, Dominion Plaza, Suite 500 S, 600 17th Street, Denver, Colorado 80202–5435.