**The PEOPLE of the State of
Colorado, Complainant,**

v.

**Thomas O. MURPHY, Respondent.**

**No. 89SA176.**

Supreme Court of Colorado,
En Banc.

July 17, 1989.

As Modified on Denial of Rehearing
July 17, 1989.

Linda Donnelly, Disciplinary Counsel, and Susan L. Fralick, Asst. Disciplinary Counsel, Denver, for complainant.

Edward P. Sejud, Longmont, for respondent.

MULLARKEY, Justice.

This attorney discipline case is before us on a stipulation, agreement, and conditional admission of misconduct entered into by the respondent Thomas O. Murphy and the Assistant Disciplinary Counsel. The Supreme Court Grievance Committee approved the stipulation, agreement, and conditional admission of misconduct with the recommendation that Murphy be disbarred, that he pay restitution and that the costs of the proceeding be assessed against him. We accept the committee's recommendation.

I.

Murphy was admitted to practice law in Colorado in 1973 and is subject to the jurisdiction of this court and its Grievance Committee. The professional misconduct which has led to the disbarment recommendation involved three separate matters.

In the first case, Murphy handled the financial affairs of Margaret Portser, an elderly woman who was a resident of a nursing home. During 1987, Murphy drew checks on Portser's account payable to himself in the amounts of $11,075 and $6,000 and used the funds for his own purposes. After Portser died, Murphy failed to promptly open her estate despite repeatedly assuring an attorney representing Portser's sister that he would do so. After the grievance was filed in this case, Murphy agreed to repay the Portser estate $17,075 plus interest, for a total of $18,303.30. As of the time of the stipulation, Murphy had repaid $4,000 to the Portser estate. The Grievance Committee recommended that Murphy be ordered to pay restitution to the Portser estate in the amount of $14,303.30, representing the balance due under the agreement.

Murphy admits that his conduct in the Portser matter violated C.R.C.P. 241.6(1) (violation of the Code of Professional Responsibility), C.R.C.P. 241.6(2) (violation of accepted rules or standards of legal ethics), C.R.C.P. 241.6(3) (violation of highest standards of honesty, justice, or morality), DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(4) (conduct involving dishonesty), DR 1–102(A)(6) (conduct adversely reflecting on fitness to practice law), and DR 6–101(A)(3) (neglect of a legal matter).

The second matter concerned Murphy's business relationship with Ken Allen, a wholesale auto dealer. During the course of his dealings with Allen in 1987, Murphy

wrote three checks on his escrow account which were returned because of insufficient funds. The amounts of the checks ranged from $6,800 to $8,600. Murphy admits that he knew there were insufficient funds in his account when he wrote the checks. He also admits that his conduct in the Allen matter is a ground for discipline under C.R.C.P. 241.6 and that he violated DR 1–102(A)(1) (violation of a disciplinary rule) and DR 1–102(A)(6) (conduct adversely reflecting on fitness to practice law).

The third matter concerns Murphy's representation of Robert Felton in a lawsuit brought by Balboa Insurance Company to set aside a transfer of a home by Felton to his wife. The attorney for Balboa attempted to depose both Feltons three times during 1987. The first two depositions were canceled at Murphy's request when he informed the opposing attorney that he would be filing bankruptcy on behalf of the Feltons. After Murphy and the Feltons failed to appear when the depositions were reset for the third time, Balboa sought and obtained sanctions which required Robert Felton to pay Balboa $2,500 in attorney's fees. Murphy did not inform the Feltons of the second and third deposition settings or of the hearing on the sanctions. Although the Feltons directed Murphy to file for bankruptcy and paid the filing fees to him in early 1987, Murphy neglected the case for approximately one year before filing the bankruptcy petition in January 1988. Because Felton owed Murphy $1500 in legal fees, the committee recommended that Murphy pay $1000 as restitution to Felton for the sanction imposed on him.

Murphy admits that his conduct in the Felton matter violated C.R.C.P. 241.6(1) (violation of Code of Professional Responsibility), DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(5) (conduct prejudicial to the administration of justice), and DR 6–101(A)(3) (neglect of a legal matter).

## II.

The parties in this case stipulated that disbarment is the appropriate sanction and the Grievance Committee agreed. We accept the recommendation.

The respondent's conduct in the Portser matter alone is sufficient to support disbarment. *See* ABA Standards for Imposing Lawyer Sanctions (1986), Standard 4.11 (disbarment generally appropriate when lawyer knowingly converts client property and causes injury or potential injury to client). We ordered attorneys disbarred in *People v. Shafer,* 765 P.2d 1025 (Colo. 1988), and *People v. Score,* 760 P.2d 1111 (Colo.1988). Both were cases involving attorneys who converted the property of elderly clients to their own use. We emphasize again that theft of a client's funds by an attorney cannot be tolerated. The public must be protected from an attorney who violates his client's trust and does not fulfill an attorney's most basic responsibility to safeguard his client's property. Nothing in this case militates against imposing the sanction of disbarment. Indeed, the stipulation acknowledges that Murphy's additional acts of misconduct in neglecting to promptly open Portser's estate and in the two other cases described above are aggravating circumstances which further support the sanction of disbarment. *See* ABA Standard 9.22(c) and (d).

Accordingly, it is hereby ordered that Thomas O. Murphy is disbarred from the practice of law effective thirty days from the date of this order as provided in C.R. C.P. 241.21(a) and that his name be stricken from the roll of attorneys licensed to practice in this state. It is further ordered that the respondent pay restitution in the amount of $14,303.30 to the Portser estate and $1,000 to Robert Felton. Each restitution award is to bear interest from the date of this order pursuant to section 5–12 –106(2), 2 C.R.S. (1988 Cum. Supp.). It is further ordered that the respondent pay costs in the amount of $167.79 within thirty days of the date of this order to the Supreme Court Grievance Committee, Suite 500–S, 600 Seventeenth Street, Denver, Colorado 80202–5435.