The PEOPLE of the State of Colorado, Complainant,

v.

Kenneth Lynn BROADHURST, Attorney–Respondent.

No. 90SA309.

Supreme Court of Colorado, En Banc.

Nov. 13, 1990.

Linda Donnelly, Disciplinary Counsel, Susan Fralick, and Jay P.K. Kenney, Asst. Disciplinary Counsel, Denver, for complainant.

Charles G. Leidner, Denver, for respondent.

PER CURIAM.

The respondent, Kenneth Lynn Broadhurst, was charged in this grievance proceeding with unprofessional conduct based on his alleged mishandling and conversion of the funds of Geraldine Webber. The assistant disciplinary counsel and the respondent entered into a stipulation of facts. A hearing board of the Grievance Committee then conducted a hearing, made findings of fact based on the stipulation, and recommended that the respondent be disbarred. A hearing panel of the Grievance

Committee approved the board's findings and recommendation. We now enter an order of disbarment.

The respondent was admitted to the practice of law in Colorado in 1964 and is subject to the jurisdiction of this court and its Grievance Committee. The stipulation of facts in this matter outlined the following sequence of events underlying the grievance complaint.[1] In March 1984, the respondent began to handle the financial affairs of Geraldine Webber and continued to do so until her death on December 1, 1987, at the age of sixty-five. Webber had signed a general power of attorney by which she authorized the respondent to handle all of her financial and personal matters and specifically gave the respondent a power of attorney over her bank accounts at eight financial institutions. The purpose of the power of attorney was to permit the respondent to provide for Webber's health and welfare until her death.

Between April 1985 and December 1987, the respondent withdrew approximately $150,000 from Webber's accounts and used the funds for his personal and business purposes. The respondent failed to make any accounting to Webber of the amount of funds taken from her account, nor did he document the purpose for which the funds were taken or the uses to which the monies were put.

After Webber's death in 1987, the respondent executed a promissory note in the amount of $140,395.00, payable to the estate of Geraldine Webber. The note provided for monthly payments of $2,075.00 over a period of sixty months and a final payment of $40,395. Since August 1988 the respondent has been in default on the promissory note.

On October 20, 1988, Loretta Hunter, the personal representative of Webber's estate, filed suit against the respondent for recovery of the monies taken by him. On March 1, 1989, the respondent filed a petition in bankruptcy, but later agreed to remove his debt to the Webber estate from the bankruptcy petition. The respondent later confessed judgment in favor of the personal representative and agreed to pay the sum of $150,000 in installments by the year 1992. As of November 13, 1989, the respondent had paid $25,000 to the personal representative.

The hearing board and the hearing panel determined that the respondent's conduct violated the following Rules of Civil Procedure and Disciplinary Rules: C.R.C.P. 241.-6(1) (violation of a disciplinary rule); C.R.C.P. 241.6(2) (act or omission violative of accepted rules or standards of legal ethics); C.R.C.P. 241.6(3) (act or omission violative of the highest standards of honesty, justice, or morality); DR1–102(A)(1) (violation of a disciplinary rule); DR1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR5–104(A) (entering business transaction with client, without full disclosure and without client's consent, when lawyer and client have differing interests and client expects lawyer to exercise professional judgment on client's behalf); DR9–102(B)(3) (failure to maintain complete records of funds, securities, and other property of client coming into lawyer's possession); and DR9–102(B)(4) (failure to deliver to a client requested funds, securities, or other property in possession of lawyer which client is entitled to receive).

The stipulation of facts and record before us contain clear and convincing evidence of professional misconduct that fully supports the Grievance Committee's recommendation of disbarment as the appropriate form of discipline. Disbarment is appropriate when, as here, a lawyer knowing-

---

1. A separate grievance complaint, Case No. GC88B–40, was filed against the respondent. The only reference to this matter in the record before us is a brief reference to a stipulation executed by the assistant disciplinary counsel and the respondent. So far as we can determine, the stipulation apparently states that the respondent "has agreed to convey his entire 3 % RIG partnership to the complaining witnesses and to repay to the complaining witnesses $20,-000 and to reaffirm this debt following his bankruptcy" and that the grievance complaint would accordingly be held in abeyance pending the outcome of the present matter before this court.

ly converts his client's property and thereby causes injury or potential injury to the client. *ABA Standards for Imposing Lawyer Sanctions* § 4.11 (1986); *see People v. Dohe*, 800 P.2d 71 (Colo.1990); *People v. Gerdes*, 782 P.2d 2 (Colo.1989); *People v. Shafer*, 765 P.2d 1025 (Colo.1988). Although the respondent contends that no attorney-client relationship existed between him and Geraldine Webber, the hearing board, as well as the hearing panel, was not persuaded by such argument. We also find the argument devoid of merit. The documents admitted into evidence at the Grievance Hearing demonstrate that the respondent executed various checks drawn on the funds of Geraldine Webber and made the checks payable to his law firm. Many of these checks contained the memo for "legal services." The record clearly demonstrates that the respondent was acting as the attorney for Geraldine Webber when he converted Webber's funds for his personal and business purposes.

While we acknowledge that under some circumstances making restitution to an aggrieved client in order to rectify the consequences of the lawyer's misconduct may be an appropriate mitigating factor to consider on the issue of discipline, *ABA Standards for Imposing Lawyer Sanctions* § 9.32(d), the respondent's payment of $25,000 to the estate of Geraldine Webber was made pursuant to his confession of judgment and was not entirely voluntary. *See People v. Wolfe*, 748 P.2d 789, 792 (Colo. 1988) (lawyer's forced repayment of client's funds not a mitigating factor). Under the circumstances present here, therefore, the respondent's repayment cannot serve to offset his flagrant violation of professional obligations to his client.[2] A sanction less than disbarment under the circumstances of this case would unduly depreciate the serious nature of the respondent's misconduct in the eyes of both the legal profession and the public.

It is accordingly ordered that the respondent be disbarred and that his name be stricken from the role of attorneys authorized to practice law in this state. It is further ordered that the respondent make restitution to the estate of Geraldine Webber in accordance with the terms of the stipulated confession of judgment in the civil action filed by the personal representative of the estate of Geraldine Webber against the respondent. The respondent is also ordered to pay the costs of these proceedings in the amount of $107.73 by tendering such sum within sixty days of the date of the announcement of this opinion to the Supreme Court Grievance Committee, 600 17th Street, Suite 500–S, Denver, Colorado 80202.

---

**2.** Furthermore, we note that the respondent previously received a letter of admonition due to a conflict of interest in handling a legal matter for another client, and this prior admonition may appropriately be considered as an aggravating factor. *See ABA Standards for Imposing Lawyer Sanctions* § 9.22(a).